UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**ALISHA WILKES,**
individually and on behalf of all
others similarly situated

    Plaintiffs,

v.                                                                                          Civil No. 2:12-1353

**QUICKEN LOANS, INC.,**                                                **JURY TRIAL DEMANDED**

    **Defendant.**

### Class Action Complaint

COMES NOW the Plaintiff, Alisha Wilkes, (hereafter, "Wilkes" or "Plaintiff"), by counsel, on behalf of herself and others similarly situated and as for her Complaint against the Defendant, she alleges as follows:

### Introduction

1.    This is an action for actual, statutory, and punitive damages, attorney's fees, and costs brought pursuant to 15 U.S.C. § 1681 *et seq*. (the Federal Fair Credit Reporting Act or "FCRA"). Defendant Quicken Loans, Inc. is a mortgage lender that regularly makes or arranges loans secured by real property and obtains at least one consumer credit score for use in its evaluation of mortgage loan applications submitted by consumers. However, Defendant Quicken Loans, Inc. fails to thereafter provide credit score disclosures to consumers as required by 15 U.S.C. § 1681g(g), as soon as reasonably practicable.

### Jurisdiction

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

532646.a01

3. Venue is proper in this District as all events regarding the Plaintiff occurred here, and the Plaintiff resides in this District and Division.

## Parties

4. The Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, and all credit scores or other numerical values that regard Plaintiff's creditworthiness are therefore "consumer credit scores," as defined by the FCRA.

5. Defendant Quicken Loans, Inc. (hereafter "Quicken Loans" or "Defendant") is a foreign corporation doing business in West Virginia. At all times relevant hereto, it was a "user" of consumer credit scores and a "person" who makes or arranges mortgage loans, as defined by the FCRA.

## Facts

6. Plaintiff applied for a mortgage loan with Defendant Quicken Loans in May of 2010.

7. Defendant obtained one or more consumer credit reports that regarded Plaintiff as part of its standard process for evaluating consumer mortgage loan applications.

8. Upon information and belief, Defendant obtained a consumer credit report directly or indirectly from each of the three national consumer reporting agencies – Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (hereafter "the consumer reporting agencies").

9. Upon information and belief, Defendant also obtained a consumer credit score, which regarded the Plaintiff, directly or indirectly from each of the credit reporting agencies at the time that it obtained each of the consumer credit reports that regarded the Plaintiff.

10. Upon information and belief, Defendant obtained one or more consumer credit reports and a consumer credit score, which regarded the Plaintiff, on or about May 3, 2010.

11. Despite that Defendant obtained at least one consumer credit score that regarded the Plaintiff, it failed to provide the Plaintiff with the credit score disclosures mandated by the Fair Credit Reporting Act, 15 U.S.C. § 1681g(g) as soon as reasonably practicable.

12. In the case of the named Plaintiff, the Defendant waited at least three weeks to provide any disclosures at all to her. The credit score notice, which regarded the Plaintiff, is dated May 24, 2010.

13. Upon information and belief, the Defendant intentionally and willfully did so in accordance with its standard business practices to prevent the Plaintiff from learning her scores or the information contained in the "Notice to Home Loan Applicants" mandated by Congress, such that she could shop around for the best possible loan terms and otherwise empower herself to make an informed loan decision.

## Class Action Allegations

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "class") of similarly situated individuals initially defined as follows:

> All natural persons residing in the United States who were the subject of at least one consumer credit score obtained by Defendant between May 1, 2010 and May 1, 2012 in connection with its evaluation of an application initiated or sought by such natural person for a consumer mortgage loan secured by 1 to 4 units of residential property, and to whom the credit score disclosure notice was not provided to that person within 3 business days after the Defendant obtained the credit score.
>
> Excluded from the class definition are any employees, officers, directors of Defendant, and any legal representatives, heirs, successors, and assignees of Defendant, and any judge assigned to hear this action.

15. **Numerosity**. Fed. R. Civ. P 23(a)(1)  Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical.  The names and addresses of the class members are identifiable through the internal business records maintained by Quicken Loans, and the class members may be notified of the pendency of this action by published and/or mailed notice.

16. **Predominance of Common Questions of Law and Fact**. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members.  These questions predominate over the questions affecting only individual class members.

17. **Actual Damages.**  The Plaintiff and each class member has incurred actual damages in the uniform amount of $19.95, the standard cost of obtaining a consumer's FICO credit score – the score use by Quicken for its mortgage loan applications.

18. **Typicality**. FED. R. CIV. P. 23(a)(3)  Plaintiff's claims are typical of the claims of each putative class member.  In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

19. **Adequacy of Representation**. FED. R. CIV. P. 23(a)(4)  Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

20. **Inconsistent Adjudications**. FED. R. CIV. P. 23(b)(1)(A).  Prosecuting separate actions by or against individual class member would create a risk of inconsistent or varying

adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

21. **Risk of Incompatible Standards for Defendant.** FED. R. CIV. P. 23(b)(1)(A). Prosecuting separate actions by or against individual class member would create a risk of adjudications with respect to individual class members that, as a practical matter, would establish incompatible standards of conduct for the Defendant.

22. **Prejudicial to Other Class Members.** FED. R. CIV. P. 23(b)(1)(B). Prosecuting separate actions by or against individual class member would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

23. **Injunctive Relief Appropriate for the Class.** FED. R. CIV. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

24. **Superiority.** FED. R. CIV. P. 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized

litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

<u>**Count One**</u>**:**
**Violation of 15 U.S.C. § 1681g(g)**

25.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26.     Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681g(g) by its actions, which include, but are not necessarily limited to, failure to provide the mandated disclosures to the Plaintiff and the putative class members as soon as reasonably practicable following such time as it obtained a credit score regarding that individual in connection with a mortgage loan application.

27.     Plaintiff and the putative class members are each entitled to recover actual damages in the uniform amount of $19.95 against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681o.

28.     Plaintiff and the putative class members are each entitled to recover the greater of actual damages in the uniform amount of $19.95, or statutory damages between $100.00 and $1,000.00 against Defendant, their reasonable attorney's fees and costs, and punitive damages in such an amount as the court may allow pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, on behalf of herself and the putative class members, moves for class certification and for actual, statutory and punitive damages, attorney's fees and costs, pursuant to the FCRA, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

                    Respectfully submitted**,**
                    **ALISHA WILKES**
                    *on behalf of herself and all*
                    *similarly situated individuals*

*s/ John W. Barrett*
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
Email:  jbarrett@baileyglasser.com
        jmarshall@baileyglasser.com

Matthew J. Erausquin (pending pro hac vice admission)
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
(703) 273-7770
(888) 892-3512 *facsimile*
Email:  matt@clalegal.com

Leonard A. Bennett (pending pro hac vice admission)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA  22601
(757) 930-3660
(757) 930-3662 *facsimile*
Email:  lenbennett@clalegal.com

John C. Bazaz, Esq., (pending pro hac vice admission)
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
703-272-8455
703-596-4555 *facsimile*
Email:  jbazaz@bazazlaw.com

532646.a01