AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:12-cv-01353

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _WV Div of Fin Insitution_

was received by me on *(date)* _3-12-2013_ .

☑ I served the subpoena by delivering a copy to the named person as follows:
_Judy Pennington, WV Div. of Financial Institutions_
_800 PENN Ave  Chas WV_ on *(date)* _March 12, 2013_ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _43.00_ .

My fees are $ _40.00_ for travel and $ _3.00_ for services, for a total of $ _43.00_ .

I declare under penalty of perjury that this information is true.

Date: _3-12-2013_

_____
*Server's signature*

_Michael E Kessinger_
*Printed name and title*

_209 Capitol St  Chas WV_
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of West Virginia

| | | |
|---|---|---|
| Alisha Kingery, formerly known as Alisha Wilkes | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:12-cv-01353 |
| Quicken Loans, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of West Virginia        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   West Virginia Division of Financial Institutions
         900 Pennsylvania Avenue, Suite 306 Charleston, WV 25302

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: Documents requested in Exhibit "A"
         **COPIES MAY BE PRODUCED IN LIEU OF ORIGINALS TO:  LEONARD A. BENNETT, ESQ.
         CONSUMER LITIGATION ASSOCIATES, P.C.
         763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601

| Place:   John W. Barrett, Bailey & Glasser<br>209 Capitol Street<br>Charleston, WV 25301-1386 | Date and Time:<br><br>03/26/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   3/12/13

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiff
John W. Barrett, Bailey & Glasser                                            , who issues or requests this subpoena, are:
  209 Capital Street, Charleston, WV 25301-1386 (304) 342-1110

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**ALISHA KINGERY, formerly known as**
**Alisha Wilkes,** *individually and on behalf*
*of all others similarly situated,*

     **Plaintiffs,**

         **CIVIL ACTION NO. 2:12-cv-01353**
         *(case presently pending in the U.S. District*
         *Court for the Southern District of West*
         *Virginia)*

v.

**QUICKEN LOANS, INC.,**

     **Defendant.**

### Exhibit "A"

Please provide the following documents:

1. Copies of any and all documents in the possession, custody and control of the *WEST VIRGINIA DIVISION OF BANKING regarding any investigations involving Quicken Loans, Inc.*

2. Copies of any and all communications with *Quicken Loans, Inc.* and the *WEST VIRGINIA DIVISION OF BANKING;*

3. Unredacted copies of all complaints submitted to the *WEST VIRGINIA DIVISION OF BANKING* by consumers regarding *Quicken Loans, Inc.* since May 1, 2010.

       **ALISHA KINGERY, formerly known as**
       **Alisha Wilkes,** *individually and on behalf*
       *of all others similarly situated,*

       By: _John W. Barrett_____
          *Of Counsel*

John W. Barrett
BAILEY & GLASSER
209 Capitol Street
Charleston, WV 25301-1386
(304) 345-6555 – Telephone
(304) 342-1110 - Facsimile
Email: jbarrett@baileyglasser.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person —— except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Leonard A. Bennett, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Blvd.
Suite 1-A
Newport News, VA 23601
Telephone - 757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

Ian B. Lyngklip
LYNGKLIP & ASSOCIATES CONSUMER LAW GROUP
Suite 206
24500 Northwestern Highway
Southfield, MI 48075
(248) 208-8864 - Telephone
(248) 208-9073 - Facsimile

John C. Bazaz
LAW OFFICES OF JOHN C. BAZAZ
Suite 1100
4000 Legato Road
Fairfax, VA 22033
(703) 272-8455 - Telephone
(703) 596-4555  - Facsimile
Email: jbazaz@bazazlaw.com

Jonathan R. Marshall
BAILEY & GLASSER
209 Capitol Street
Charleston, WV 25301-1386
(304) 345-6555 - Telephone
(304) 342-1110 - Facsimile
Email: jmarshall@baileyglasser.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES
Suite 600
1800 Diagonal Road
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3512  - Facsimile
Email: matt@clalegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent by first class U.S. Mail, postage prepaid on this _12th_ day of March 2013 to the following:

Jason E. Manning
TROUTMAN SANDERS
P. O. Box 61185
Virginia Beach, VA 23466-1185
Email: jason.manning@troutmansanders.com

John C. Lynch
TROUTMAN SANDERS
P. O. Box 61185
Virginia Beach, VA 23466-1185
Email: john.lynch@troutmansanders.com

John W. Barrett
BAILEY & GLASSER
209 Capitol Street
Charleston, WV 25301-1386
(304) 345-6555 – Telephone
(304) 342-1110 - Facsimile
Email: jbarrett@baileyglasser.com