IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**ALISHA KINGERY,**
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

    v.                                                  Civil Action No. 2:12-cv-1353

**QUICKEN LOANS, INC.,**

        Defendant.

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Quicken Loans, Inc. ("Defendant" or "Quicken Loans"), by counsel, hereby submits its Amended Answer and Affirmative Defenses to Plaintiff Alisha Kingery's ("Plaintiff") Second Amended Class Action Complaint ("Second Amended Complaint").

### Introduction

1.    The allegations contained in paragraph 1 of the Second Amended Complaint are admitted.

2.    The allegations contained in paragraph 2 of the Second Amended Complaint are denied as stated.

3.    The allegations contained in paragraph 3 of the Second Amended Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to law, the allegations are denied.

4.    The allegations contained in paragraph 4 of the Second Amended Complaint are denied.

5.  The allegations contained in paragraph 5 of the Second Amended Complaint regarding the nature of Plaintiff's claims are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed a lawsuit against it on behalf of herself and others similarly situated for alleged violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq.*, however Defendant denies any liability to Plaintiff or purported class members pursuant to the FCRA.

## Jurisdiction

6.  The allegations contained in paragraph 6 of the Second Amended Complaint are admitted.

7.  The allegations contained in paragraph 7 of the Second Amended Complaint are admitted.

8.  The allegations contained in paragraph 8 of the Second Amended Complaint are admitted.

9.  The allegations contained in paragraph 9 of the Second Amended Complaint are admitted.

## Parties

10.  The allegations contained in paragraph 10 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.  The allegations contained in paragraph 11 of the Second Amended Complaint are admitted.

12. The allegations contained in paragraph 12 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. The allegations contained in paragraph 13 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations contained in paragraph 14 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Common Practices of Quicken

15. The allegations contained in paragraph 15 of the Second Amended Complaint, including subparagraphs (A) through (E), are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations contained in paragraph 16 of the Second Amended Complaint refer to documents, which speak from themselves.  To the extent the allegations vary from those documents, the allegations are denied.

17. Defendant admits that it maintains staff, printing materials and supplies, and postage.  The remaining allegations contained in paragraph 17 of the Second Amended Complaint are denied as stated.

18. Defendant admits that the credit score notices it provides to consumers are generated using a computerized system.  The remaining allegations contained in paragraph 18 of the Second Amended Complaint are denied as stated.

19. The allegations contained in paragraph 19 of the Second Amended Complaint are denied as stated.

20. The allegations contained in paragraph 20 of the Second Amended Complaint are denied.

21. The allegations contained in paragraph 21 of the Second Amended Complaint are denied.

**Facts Concerning Ms. Kingery**

22. The allegations contained in paragraph 22 of the Second Amended Complaint are denied as stated.

23. Defendant denies that it processed an "application" from Ms. Kingery. Defendant admits that, with respect to Ms. Kingery's inquiry, it evaluated her inquiry using standard policies, procedures, and practices. To the extent the allegations differ from the statements above, they are denied.

24. Defendant admits the allegation contained in paragraph 24 of the Second Amended Complaint that it obtained a consumer credit report regarding the Plaintiff from certain credit reporting agencies. The remaining allegations are denied.

25. The allegations contained in paragraph 25 of the Second Amended Complaint refer to documents, which speak from themselves. To the extent the allegations vary from those documents, the allegations are denied.

26. The allegations contained in paragraph 26 of the Second Amended Complaint are denied.

27. The allegations contained in paragraph 27 of the Second Amended Complaint are denied.

28. The allegations contained in paragraph 28 of the Second Amended Complaint are denied.

29. The allegations contained in paragraph 29 of the Second Amended Complaint refer to documents, which speak from themselves. To the extent the allegations vary from those documents, the allegations are denied.

## Class Action Allegations

30. Defendant admits the allegation contained in paragraph 30 of the Second Amended Complaint that this action purports to be brought as a Class Action, but denies that Class Certification is appropriate or that Plaintiff can meet the requirements of Fed. R. Civ. P. 23. The remaining allegations are denied.

31. The allegations contained in paragraph 31 of the Second Amended Complaint are denied.

32. The allegations contained in paragraph 32 of the Second Amended Complaint are denied.

33. The allegations contained in paragraph 33 of the Second Amended Complaint are denied.

34. The allegations contained in paragraph 34 of the Second Amended Complaint are denied.

35. The allegations contained in paragraph 35 of the Second Amended Complaint are denied.

36. The allegations contained in paragraph 36 of the Second Amended Complaint are denied.

37. The allegations contained in paragraph 37 of the Second Amended Complaint are denied.

38. The allegations contained in paragraph 38 of the Second Amended Complaint are denied.

39. The allegations contained in paragraph 39 of the Second Amended Complaint are denied.

40. The allegations contained in paragraph 40 of the Second Amended Complaint are denied.

**Count One:**
**Violation of 15 U.S.C. § 1681g(g)**

41. Defendant incorporates and restates its response to the allegations in the preceding paragraphs as if fully set forth herein.

42. The allegations contained in paragraph 42 of the Second Amended Complaint are denied.

43. The allegations contained in paragraph 43 of the Second Amended Complaint are denied.

44. The allegations contained in paragraph 44 of the Second Amended Complaint are denied.

**Demand for Judgment for Relief**

45. Defendant denies that it is liable in any manner whatsoever for the requests for relief set forth in paragraph 45 of the Second Amended Complaint.

Defendant denies that Plaintiff is entitled to any relief and denies that it is liable to Plaintiff or the purported class in any amount whatsoever under any theory of liability whatsoever.

Defendant denies that Plaintiff can meet Rule 23 requirements, denies that class certification is appropriate, and denies that Plaintiff is entitled to class certification.

Defendant denies each and every allegation not specifically admitted in this Amended Answer.

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative and other defenses to Plaintiff's Second Amended Class Action Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. Plaintiff's Second Amended Complaint fails to state a claim against Defendant and fails to state sufficient facts upon which the relief demanded can be granted.

2. Plaintiff's Second Amended Complaint fails to satisfy the threshold requirements of Rule 23 of the Federal Rules of Civil Procedure and cannot, therefore, properly proceed as a "class action."

3. A class action is not the superior method to fairly and efficiently adjudicate Plaintiff's controversy.

4. Common questions of law and fact do not predominate over individual questions of law and fact and/or individual affirmative defenses.

5. Plaintiff has not been damaged in any way and denies that it proximately caused any damages to Plaintiff, and therefore Plaintiff may not recover against Defendant.

6. At all times relevant, Defendant acted neither negligently nor willfully within the meaning of the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and instead, it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

7. Plaintiff has not suffered any actual damage from Defendant's alleged conduct, and therefore Plaintiff may not recover against Defendant.

8. Defendant's alleged conduct was not objectively unreasonable as a matter of law; thus, Plaintiff is not entitled to any statutory damages under the FCRA.

9. Defendant provided Plaintiff the credit score disclosure in accordance with the FCRA.

10. Plaintiff should be prohibited from recovering from Defendant, in whole or in part, to the extent that she failed to mitigate her alleged damages, if any.

11. Plaintiff's claim for punitive damages fails because Plaintiff has not pled any facts to state a claim for relief of or entitlement to punitive damages. Additionally, Defendant states that while it does not believe Plaintiff has stated a claim for punitive damages, even if she proves an entitlement to any such punitive damage award, Defendant is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See Williams v. Telespectrum, Inc.*, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

12. Plaintiff cannot recover from Defendant to the extent that any damages that Defendant may have suffered, which Defendant continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

13. Defendant did not willfully violate the FCRA because it sought advice of counsel in the development and formulation of its policies, procedures, and practices to comply with § 1681g(g) of the FCRA, received advice of counsel on the development and formulation of its policies, procedures, and practices to comply with § 1681g(g) of the FCRA, and relied in good faith on counsel's advice on the same.

14. Defendant reserves the right to amend its Amended Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendant Quicken Loans, Inc., having fully responded to Plaintiff's Second Amended Class Action Complaint, respectfully requests:

(a) that the Court enter judgment in favor of Defendant and against Plaintiff on the claims in Plaintiff's Second Amended Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Second Amended Complaint with prejudice;

(b) that the Court deny Plaintiff's request for class certification, as Plaintiff has failed to meet her burden to prove that the requirements of Fed. R. Civ. P. 23 are satisfied;

(c) that the Court award Defendant its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(d) that the Court award Defendant such other and further legal or equitable relief as the Court deems appropriate.

Dated: July 8, 2013

Respectfully Submitted,

**QUICKEN LOANS, INC.**

By: /s/ John C. Lynch
        Of Counsel

John C. Lynch (W.V. Bar No. 6627)
Jason E. Manning (W.V. Bar No. 11277)
Counsel for Quicken Loans, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Charleston Division

**ALISHA KINGERY,**
**f/k/a ALISHA WILKES,**
**individually and on behalf of all**
**others similarly situated,**

       **Plaintiffs,**

      v.                                                                                       **Civil Action No. 2:12-cv-1353**

**QUICKEN LOANS, INC.,**

       **Defendant.**

### CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of July, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.copm

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 22601
lenbennett@clalegal.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
jbazaz@bazazlaw.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
matt@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer Law Group
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
E-mail: ian@MichiganConsumerLaw.com

    /s/ John C. Lynch
John C. Lynch (W.V. Bar No. 6627)
Counsel for Quicken Loans, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

20470854v1