Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 9115 23



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com



| | |
|---|---|
| ControlNumber: | 360344 |
| Defendant: | TRANS UNION LLC |
| County: | 0 |
| | 7/9/2013 |
| Civil Action: | 2:12-CV-01353 |

Teresa L. Deppner, Clerk
300 Virginia Street East #2400
Charleston WV  25301-2523

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | _____ summons and complaint |
| _____ notice | _____ answer | _____ summons and verified complaint |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ notice of materialmans lien |
| _____ suggestions | _____ notice to redeem | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ re-issue summons and complaint |
| _____ discovery | _____ request for admissions | _____ subpoena duces tecum |
| _____ suggestee execution | _____ notice of uim claim | _____ Other |
| __1__ subpoena | _____ writ | |
| _____ stipulation | _____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

*Sincerely,*

Natalie E. Tennant
Secretary of State

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of West Virginia

| | | |
|---|---|---|
| Alisha Kingery, formerly known as Alisha Wilkes | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:12-cv-01353 |
| Quicken Loans, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Trans Union, LLC
    Prentice Hall Corporation System, Inc., 209 West Washington St., Charleston, WV 25302

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents requested in Exhibit "A"
        **COPIES MAY BE PRODUCED IN LIEU OF ORIGINALS TO:  John W. Barrett, Bailey & Glasser LLP
        209 Capitol Street, Charleston, WV 25301

| Place: John W. Barrett, Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston,WV 25301 | Date and Time:<br><br>07/31/2013 10:00 am |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____07/09/2013____

| CLERK OF COURT | | |
|---|---|---|
| | OR | *John W. Barrett* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
__John W. Barrett, Bailey & Glasser LLP_____ , who issues or requests this subpoena, are:
 209 Capitol Street, Charleston, WV 25301

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

|  |  |  |
|---|---|---|
| ALISHA KINGERY, f.k.a Alisha Wilkes, *on behalf of herself and those similarly situated* | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil No. 2:12-cv-01353 |
| QUICKEN LOANS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## Exhibit "A"

### Definitions

     A.    The term "Quicken Loans" means Quicken Loans, Inc., its shareholders, directors, officers, employees, agents, assigns, parent companies, subsidiaries, affiliates and, unless privileged, attorneys.

     B.    The term "Documents" includes, but is not limited to, any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other date or date compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

     C.    The term "consumer report" means consumer report as defined in15 U.S.C. § 1681a(d).

     D.    The term "credit score" means credit score as defined in 15 U.S.C. § 1681g(f)(2).

     E.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

<u>Requested Documents</u>

1.      Any and all consumer reports that contained a credit score provided by you to Quicken Loans from May 1, 2007 through May 1, 2012. (In lieu of producing such documents, you may produce a written stipulation that contains the consumers' names, addresses, telephone numbers, social security numbers, credit scores, and the date and time that you provided Quicken Loans with a consumer report that contained a credit score.)

2.      Any and all billing statements for consumer reports that contained a credit score provided by you to Quicken Loans from May 1, 2007 through May 1, 2012.

3.      Any and all documents you provided Quicken Loans concerning the requirements of 15 U.S.C. § 1681g(g).

4.      Any and all correspondence between you and Quicken Loans concerning the requirements of 15 U.S.C. § 1681g(g).

5.      Any and all contracts between you and Quicken Loans.

**[Signature blocks are located on the following pages]**

ALISHA KINGERY  *on behalf of herself*
*and all similarly situated individuals*

*/s/ John W. Barrett*
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Matthew J. Erausquin  (*pro hac vice* admission)
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 *facsimile*
matt@clalegal.com

Leonard A. Bennett  (*pro hac vice* admission)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 22601
(757) 930-3660
(757) 930-3662 *facsimile*
lenbennett@clalegal.com

John C. Bazaz, Esq., (*pro hac vice* admission)
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
703-272-8455
703-596-4555 *facsimile*
jbazaz@bazazlaw.com

Ian Lyngklip  (*pro hac vice* admission)
Lyngklip & Associates Consumer Law Group, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI  48075
(248) 208-8864
(248) 208-9073 *facsimile*
ian@MichiganConsumerLaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

|  |  |
|---|---|
| ALISHA KINGERY, f.k.a Alisha Wilkes, *on behalf of herself and those similarly situated*<br><br>                                Plaintiff,<br><br>                v.<br><br>QUICKEN LOANS, INC.,<br>                                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> Civil No. 2:12-cv-01353 |

**AUTHENTICATION AFFIDAVIT**

Below the undersigned personally appeared, _____, who being duly sworn, deposes and says:

1.      My name is _____. I am a resident of the State of _____. I am over the age of eighteen (18) years and am competent to make this affidavit. The statements set forth in this affidavit are based upon my personal knowledge.

2.      I am custodian of the records or am otherwise familiar and competent to testify as to the authenticity of the records of Trans Union, LLC.

3.      The documents attached to this affidavit are the complete set of documents and information requested in the Plaintiff's subpoena. [Bate Stamped 00001 – 000      ]. These documents were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; were kept in the course of the regularly conducted activity of Trans Union, LLC and were made by the regularly conducted activity of Trans Union, LLC.

4.      These documents constitute business records of Trans Union, LLC.

5.      The foregoing facts are true and correct.

Further affiant sayeth not.

**Trans Union, LLC**

By_____

Title:_____

City/County of _____

State of _____

The foregoing instrument was subscribed and sworn before me this ___ day of _____, 2013 by affiant _____.


_____

NOTARY PUBLIC

Notary registration number: _____

My commission expires:_____

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

ALISHA KINGERY, f.k.a. Alisha Wilkes,
*on behalf of herself and those similarly situated,*

      Plaintiff,

v.                                  Civil No. 2:12-1353

QUICKEN LOANS, INC.,

      Defendant.

## Certificate of Service

      The undersigned hereby certifies that the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* was served upon counsel for the Defendant's via email and facsimile mail on this  9th  day of July, 2013 as follows:

> John C. Lynch
> Jason E. Manning
> TROUTMAN SANDERS LLP
> 222 Central Park Ave., Suite 2000
> Virginia Beach, VA 23462
> (757) 687-1504
> john.lynch@troutmansanders.com

                                            */s/ John W. Barrett*
                                            John W. Barrett