IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALISHA KINGERY,

        Plaintiff,

v.                             CIVIL ACTION NO.   2:12-cv-01353

QUICKEN LOANS, INC.,

        Defendant.

**ORDER**

Pending before the court is the consent motion to extend summary judgment and class certification deadlines [Docket 164].   For good cause shown, the consent motion is **GRANTED**.  Pursuant to Rule 16(b) and Local Rule of Civil Procedure 16.1(e), it is further **ORDERED** that this case shall proceed as follows:

| | | |
|---|---|---|
| Filing of dispositive motions and class certification motions | 2/5/2014 | |
| Responses to dispositive motions and class certification motions | 2/19/2014 | |
| Reply to response to dispositive motion and class certification motions | 2/26/2014 | |
| Hearing on motions for summary judgment and class certification | **3/27/2014** | **10:00 AM** |
| Settlement meeting and mediation deadline. | 4/8/2014 | |
| Filing of motions in limine. | 4/15/2014 | |
| Responses to motions in limine. | 4/22/2014 | |
| Plaintiff draft of pretrial order to defendant. | 4/14/2014 | |
| Integrated pretrial order filed by defendant. | 4/21/2014 | |
| Pretrial conference. | **4/29/2014** | **10:00 AM** |
| Proposed jury instructions filed. | 5/12/2014 | |
| Final settlement conference. | **5/19/2014** | **9:30 AM** |
| Trial | **5/20/2014** | **8:30 AM** |

Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations.  If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule 16.7(b).

At both the pretrial and final settlement conferences, lead trial counsel shall appear fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

Regarding the proposed charge to the jury, counsel shall submit numbered instructions in charge form on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, along with a proposed verdict form.

Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Rule 16(f).

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 15, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE