**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,**

**Plaintiffs,**

**v.**                                                    **Civil Action No. 2:12-cv-1353**

**QUICKEN LOANS, INC.,**

**Defendant.**

**<u>DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>**

Defendant Quicken Loans, Inc. ("Quicken Loans"), by counsel, submits this Brief in

Opposition to the Motion to Compel Rule 30(b)(6) Testimony (the "Motion") filed by Plaintiff.

(ECF No. 151, 152).  Plaintiff's Motion is factually inaccurate and legally meritless and should

be denied for the following independent reasons:

- **Plaintiff's Motion fails to comply with local rules because it does not specify the topics or questions that Plaintiff disputes and instead, Plaintiff seeks to reopen the Rule 30(b)(6) deposition in its entirety on all 93 topics, many of which were noticed for the first time two days before the scheduled deposition;**

- **Plaintiff failed to meet and confer on all of the disputed issues in good faith;**

- **The parties had an agreement on instructions not to answer questions on improper and objectionable topics prior to the Rule 30(b)(6) deposition;**

- **Quicken Loans' Rule 30(b)(6) witness answered permissible topics and the remaining topics are improper because: (i) Plaintiff is not entitled to discovery on class size since Quicken Loans stipulated to numerosity based on the class pled in Plaintiff's Second Amended Complaint, (ii) the Rule 30(b)(6) witness was well-prepared and responsive on timely noticed topics, and (iii) the Rule 30(b)(6) witness answered most questions despite instructions not to answer; and**

- **Quicken Loans' corporate representative's errata sheet was timely, proper, and does not create grounds to reopen the Rule 30(b)(6) deposition.**

Accordingly, for the reasons set forth more fully below, the deposition of Quicken Loans' Rule 30(b)(6) representative should not be reopened and Plaintiff's Motion to Compel should be denied.

## I.   BACKGROUND

This case is a purported national class action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(g).  Section 1681g(g) was enacted in 2004 and requires a lender to provide a credit score disclosure to a consumer "*as soon as reasonably practicable*" after the lender "*uses*" the consumer's credit score in connection with a loan "*application*."  At that time, Quicken Loan analyzed the statutory text, reviewed compliance materials, and consulted with in-house and outside counsel to ensure compliance with the statute and to provide meaning to consumers.   Quicken Loans implemented a policy and procedure to provide credit score disclosures to consumers who initiated an inquiry with Quicken Loans and for whom Quicken Loans obtained a credit score at the earliest of:

(1) **Application -** when a "Status 10" is input into Quicken Loans' origination software system, AMP, which triggered the sending of a loan application package to the client, or

(2) **Denial** - when a "Status 100" is input into AMP, indicating that the inquiry was denied.

This policy is over-compliant and ensures that a consumer's credit score disclosure is sent with the first mailing to the consumer, during the prequalification process.[1]

---

[1] Plaintiff's allegations in her Brief regarding Quicken Loans' LOLA system are inaccurate and will be addressed more fully in Quicken Loans' Motion for Summary Judgment. LOLA is Quicken Loans' internal and proprietary software system used to track, deliver, and allocate loan leads.  By contrast, AMP is Quicken Loans' proprietary software system used to originate and underwrite loans.   The disclosure requirement under § 1681g(g) is triggered when a lender "uses" a consumer's credit score in connection with a loan application.  Whether and when a consumer's credit score is used requires an individualized inquiry and is dependent on the client's circumstances, course of conversation between the client and the mortgage banker, and the conduct of the particular mortgage banker.

Plaintiff filed her class action Complaint on May 1, 2012 for Quicken Loans' alleged hyper-technical violation of § 1681g(g).  It is undisputed that Quicken Loans sent Plaintiff a credit score disclosure with its very first mailing to her, 21 days after Plaintiff first spoke with a Quicken Loans' mortgage banker.  While Quicken Loans *obtained* Plaintiff's credit report, it did not "use" her credit score within the meaning of § 1681g(g).  Thus, Plaintiff was not entitled to a credit score disclosure under the language of the statute.  Out of an abundance of caution and to be over-compliant, Quicken Loans sent the notice to Plaintiff.[2]

In substance, Plaintiff asserts that Quicken Loans does not provide credit score disclosures to consumers fast enough, despite the fact that the statute creates a flexible, inherently individualized standard for compliance.  Indeed, unlike many other statutes governing mortgage disclosures, there is no set timeline (*i.e.*, no set number of days) to provide a credit score disclosure to a consumer after use of that consumer's credit score in connection with a loan application.[3]  Instead, Congress employed a flexible standard that is qualified by reasonableness.  Plaintiff's lawsuit is meritless and seeks to collect tens of millions of dollars from Quicken Loans where neither Plaintiff, nor the purported class members suffered any actual damages.

---

[2] Ms. Kingery is a professional plaintiff, who contacted Quicken Loans to create damages for a previous lawsuit against other lenders and credit reporting agencies, knowing she could not qualify for a loan.  *See Wilkes v. Experian Info. Solutions, Inc. et al.*, No. 1:10-cv-01160 (E.D. Va. 2010).  Specifically, Plaintiff filed a complaint against creditors and credit reporting agencies for their alleged failure to remove inaccuracies from her credit report.  *See id.*  Plaintiff had contacted Quicken Loans and Precision Funding, LLC knowing she would be denied.  This was done strategically to show damages due to the inaccuracies on her credit report.  However, at the time of inquiry to Quicken Loans and Precision Funding, Plaintiff's property was listed for sale and she knew her credit was in total disrepair.

[3] Plaintiff's assertion that the FTC and Federal Reserve set a three day window for compliance with § 1681g(g) is false and misleading.  Plaintiff's purported class includes individuals whom Quicken Loans did not send a credit score disclosure within three business days of obtaining the consumers' credit scores.  However, the credit score disclosure requirement under § 1681g(g) is triggered on "use" of a consumer's credit score in connection with a loan application, not obtaining a consumer's credit score.  The plain meaning of "use" is different from the plain meaning of "obtain" and Congress employed these terms independently within the FCRA.

## II.     **PROCEDURAL HISTORY**

A.     **Discovery Status**

Discovery in this case has been extensive and Plaintiff has delayed discovery and depositions to avoid closing discovery and to force the parties to extend pretrial deadlines. Quicken Loans has produced more than 20,000 documents and has supplemented discovery several times to include e-discovery documents and deposition testimony.   Quicken Loans produced the bulk of the documents and identified all material witness more than 5 months ago. The parties held meet and confer conferences on written discovery in March and April 2013 and resolved the alleged disputes.    Plaintiff served additional discovery requests, but never challenged Quicken Loans' objections and responses to these requests and the time to do so has expired.[4]   *See* LR Civ. P. 37.1.   Plaintiff's attempt to litigate any alleged dispute regarding Quicken Loans' written discovery responses through the Rule 30(b)(6) deposition is improper and untimely.   (*See id.*) (Motion at 6-9).

Plaintiff has deposed 11 of Quicken Loans' witnesses, including Quicken Loans' Rule 30(b)(6) representative and experts.   Four of Quicken Loans' witnesses were deposed after the corporate deposition, as persons with knowledge of specific topics.   Quicken Loans has deposed Plaintiff, her expert, and a third party.   Discovery closed on October 1.   (ECF No. 120).

---

[4] Plaintiff's assertion that the parties continued to meet and confer on alleged discovery disputes is inaccurate.  Plaintiff sent Quicken Loans a deficiency letter dated March 28 regarding Quicken Loans' Objections and Responses to Plaintiff's First Set of Discovery Requests.  The parties held meet and confer conferences in March and April and resolved the alleged discovery disputes. Plaintiff did not mention any further discovery dispute until requesting a meet and confer conference by email on September 13, two weeks before the close of discovery.  The email did not identify the nature or substance of the alleged dispute.

**B.**     **Notice of Rule 30(b)(6) Deposition and Agreement on Rule 30(b)(6) Instructions**

On July 15, Plaintiff unilaterally noticed the deposition of Quicken Loans' Rule 30(b)(6) representative for August 5, three weeks before the close of discovery.[5]   The Notice of Deposition contained 70 broad topics.  (ECF No. 86).  Quicken Loans' representative was not available on August 5, so the parties agreed to schedule the deposition for August 9.  However, the week of the deposition, the corporate representative's young son was hospitalized.  Due to this medical emergency, Plaintiff agreed reschedule the deposition for September 5.  In turn, Quicken Loans agreed to extend the discovery deadline to October 1 to allow Plaintiff the same amount of time between the Rule 30(b)(6) deposition and the close of discovery.  (ECF No. 120).

Quicken Loans served objections to the overly broad and improper topics.  (*See* Objections, attached as **Exhibit 1**).   In particular, many of the topics sought a contention requiring the witness to apply law to fact, which is improper in a Rule 30(b)(6) deposition.  In August, the parties held a meet and confer conference to resolve their disputes on the designated topics in which Plaintiff's counsel agreed to narrow some of the topics, to move forward with the deposition, and to reserve certain topics for the Court, if necessary.  The parties also agreed that Quicken Loans' counsel may instruct the witness not to answer improper questions and to take up any dispute with the Court after the deposition.  (*See* August 30 Letter, attached as **Exhibit 2**). The parties agreed to preserve Plaintiff's right to file a Motion to Compel and Quicken Loans' right to file a Motion for Protective Order after the deposition, if necessary. (*See id*.).

Two days before the deposition, Plaintiff served an Amended Notice with 93 designated topics.  (ECF No. 118, 119).  The Amended Notice added 23 additional topics and repeated topics that the parties had previously agreed to narrow and/or reserve for the Court.  Further, Plaintiff reworded several original topics, which materially changed the substance of the topic

---

[5] At that time, the discovery deadline was August 30.  (*See* ECF No. 76).

and Quicken Loans' response.  (*Compare* ECF No. 86 with ECF No. 118, 119).[6]  Quicken Loans

vehemently objected to the Amended Notice as improper, untimely, and in bad faith.

**C.**    **Rule 30 (b)(6) Deposition**

Quicken Loans' Rule 30(b)(6) representative, Amy Bishop, was deposed by Plaintiff's

counsel on September 5.  At the deposition, Quicken Loans' counsel again recited the parties'

agreement regarding instructions not to answer on the record and Plaintiff's counsel agreed:

> **Mr. Lynch**:  The first thing that we discussed and confirmed by a letter
> agreement, that we had objected to certain topics, and we had agreed that, if there
> comes a point where I need to object and instruct the witness not to answer, that
> we would carve those issues to the side, discuss them later, and you could take
> them to a judge, if need be.
>
> **Mr. Lyngklip**:  And – and my understanding – that's my understanding, as well,
> but we're going to get done whatever we can get done here today –
>
> …
>
> **Mr. Lynch**:  And we did that to avoid the time and expense of me filing a motion
> for protective order and dealing with all of that on the front end so we can work
> together and see if we can get through this process today.  And if there's any
> issues that need to be dealt with by the Court later, we'll do that.

(*See* Transcript of Amy Bishop at 7-12 ("Bishop Dep."), attached as **Exhibit 3**).  Quicken Loans'

counsel objected to the additional and revised topics served two days before the deposition and

stated that the witness could not be prepared on these untimely topics, but Quicken Loans would

work with Plaintiff in good faith to complete the deposition.  (*See* Bishop Dep. at 9, **Ex. 3**).

---

[6] For example, Topics 27, 33, 39, 46, 51, 57 originally requested "the number of individuals for
whom you failed to prepare the notice required by 15 U.S.C. § 1618g(g) within 3 (7, 14, 21, 30,
45) days of your **use** of those individual's credit score."  (ECF No. 86).  In the Amended Notice,
served 2 days before the deposition, these same topics requested "the number of individuals for
whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (7, 14, 21, 30,
45) days of your **receipt** of a credit score."  (ECF No. 118).  Section 1681g(g) is triggered on
"use" of a consumer's credit score in connection with a loan application, thus this variant in
words (i.e. "use" versus "receipt" of a credit score) is significant in this case.  The plain meaning
of "use" is different than the plain meaning of "receipt" and is material in establishing technical
liability under § 1681g(g).  Plaintiff's eleventh-hour change to the designated topics was
improper gamesmanship and should not be tolerated.

Ms. Bishop was well prepared on the designated topics and testified that she had discussions with at least nine employees with first-hand knowledge of several topics. (*See* Bishop Dep. at 13, **Ex. 3**). After the deposition, Plaintiff requested the depositions of six additional Quicken Loans' employees, who were identified as persons with knowledge during the Rule 30(b)(6) deposition. Despite Plaintiff exceeding the ten deposition limit without requesting leave, Quicken Loans agreed to these requested depositions. Plaintiff's counsel voluntarily withdrew two of these requests and four of Quicken Loans' employees were deposed on October 1 and 2.[7]

**D.**      **No Adequate Meet and Confer Conference on Alleged Deposition Deficiencies**

On September 13, Plaintiff requested a meet and confer conference on discovery without identifying the nature of the alleged dispute. Plaintiff set the meet and confer conference for September 17. Quicken Loans agreed to the requested date and time and provided contact information for the conference call. Quicken Loans also requested Plaintiff to identify the alleged deficiencies prior to the call. However, Plaintiff neither identified the alleged deficiencies, nor participated in the scheduled conference. The parties rescheduled the conference for September 25. Plaintiff sent an email prior to the conference with alleged discovery deficiencies, but did not mention any objections to the Rule 30(b)(6) deposition or topics during the meet and confer call. Since that time, Plaintiff has not attempted to meet and confer in good faith on these issues. Further, Plaintiff never attempted to meet and confer with Quicken Loans on the scope of Bishop's knowledge of the deposition topics or the errata sheet.

---

[7] The following employees were deposed on October 1 or 2: Brad Hein, Kevin Lang, Joel Gurman, and Tony Nuckolls. Brad Hein and Kevin Lang have first-hand knowledge of Quicken Loans' LOLA system, including programming logic for LOLA. Joel Gurman has knowledge of Quicken Loans' mortgage banking practices and procedures and Tony Nuckolls has knowledge of mortgage banker training.

Despite this, after the close of discovery, Plaintiff filed a Motion to Compel seeking to reopen the Rule 30(b)(6) deposition on the 93 topics designated two days before the deposition and requesting leave to file supplemental briefing to summary judgment and class certification motions based on any additional Rule 30(b)(6) testimony.  (ECF No. 151, 152).[8]  In substance, Plaintiff seeks to redo the corporate deposition, which is improper, contrary to the law and Federal Rules, and evidences Plaintiff's attempt to force an extension on pretrial deadlines and avoid resolution of this case.[9]

## III.   ARGUMENT

### A.   Plaintiff's Motion should be Denied because it Fails to Comply with Local Rules

#### 1.   Plaintiff failed to comply with Local Rule 37.1(c) because she did not identify her alleged dispute with specificity.

Plaintiff disregarded this Court's local rules by failing to properly frame the alleged discovery dispute for the Court.  Pursuant to LR Civ. P. 37.1(c), a motion to compel "must be accompanied by a statement *setting forth verbatim* each discovery request or disclosure requirement and any response thereto to which an exception is taken." (emphasis added.)  The purpose of this rule is to enable the Court to consider the particular discovery response or deposition testimony that the movant contends is deficient.

---

[8] On October 1 at 11:59 p.m., Plaintiff filed a Motion to Extend her Motion to Compel deadline, which the Court has not yet ruled on.  (ECF No. 148).  Service of the errata sheet provides no excuse or good cause to extend the discovery deadline.  The errata sheet for Quicken Loans' Rule 30(b)(6) deposition was not due until October 17.  Quicken Loans served the errata sheet early so that Plaintiff's counsel would have the benefit of the clarifications made when deposing additional fact witnesses.

[9] Plaintiff's counsel, Ian Lyngklip, who is based in Michigan, conducted all depositions from May through September (5 witnesses) and deposed Quicken Loans' corporate representative on September 5.  In October 2013, Plaintiff's counsel, Len Bennett, took over the remaining depositions.  In essence, Plaintiff seeks to redo the entire deposition on all 93 purported topics using a different counsel.

Plaintiff's Motion is disorganized and it is unclear what Rule 30(b)(6) testimony she is moving to compel. Contrary to the local rules, there is no verbatim statement of the topics or specific questions in which Plaintiff asserts that Quicken Loans' testimony was deficient. Beyond the disputes identified below, Quicken Loans is unable to respond to any specific deficiencies alleged in the Rule 30(b)(6) testimony. It appears that Plaintiff is moving to reopen the corporate deposition on all 93 topics, several of which were noticed two days before the deposition. Plaintiff's Motion evidences her improper scheme to reopen discovery, re-depose the Rule 30(b)(6) representative on all topics, and avoid timely resolution of this case. Plaintiff's failure to comply with local rules is dispositive and her Motion should be denied.

### 2.    Plaintiff failed to comply with Local Rule 7.1(a) because her memorandum exceeds 20 pages.

Pursuant to Local Rules 7.1(a) and 9.4(b), a motion to compel cannot exceed 20 pages, absent Court order, and must be denied without prejudice, if the movant fails to comply with the page limit. Plaintiff's Motion is lengthy and exceeds the permissible page limit. Her "argument" does not begin until page 18. Plaintiff did not seek an agreement or file the appropriate motion with the Court. Thus, Plaintiff's Motion fails to comply with Local Rules and should be denied. *See generally*, *Edwards v. Powers*, No. 2:00-0775, 2003 U.S. Dist. LEXIS 28163 *15 (S.D. W. Va. Mar. 28, 2003) (denying motion for failure to comply with LR 7.1).

### 3.    Plaintiff failed to meet and confer on all of the disputed issues in good faith.

Pursuant to Fed. R. Civ. P. 37 and LR Civ. P. 37.1, a party must attempt to confer with the opposing party in good faith to "narrow the areas of disagreement to the greatest possible extent" prior to filing a motion to compel. This Court has held that the parties must meet and confer "as to virtually all discovery disputes which could lead to the filing of a motion to compel." *Frontier-Kemper Constr. v. Elk Run Coal Co.*, 246 F.R.D. 522, 525 (S.D. W.Va. 2007)

(holding meet and confer obligation on all discovery disputes is mandatory).  Failure to comply with the meet and confer obligation is grounds for denial of a motion to compel.  *See Bibbs v. New River Comm. and Tech. College*, 285 F.R.D. 382, 390 (S.D. W. Va. 2012) (denying motion to compel for failure to conduct adequate meet and confer on all disputes); *Kaufman v. U.S.*, No. 1:12-0237, 2013 U.S. Dist. LEXIS 88875 *21 (S.D. W. Va. June 25, 2013) (same).

Here, Plaintiff failed to attempt to meet and confer in good faith on all of the deposition deficiencies alleged in her Motion.  During the September 25 meet and confer conference, Plaintiff did not mention any objections to the Rule 30(b)(6) deposition or topics and has not attempted to meet and confer in good faith on these issues.  Further, Plaintiff never attempted to meet and confer with Quicken Loans on the scope of Bishop's knowledge of the designated topics or the errata sheet.  Had Plaintiff attempted to meet and confer, the parties could have narrowed the issues before the Court.  Accordingly, Plaintiff's Motion should be denied for failure to comply with the meet and confer obligation.[10]  *See Bibbs*, 285 F.R.D. at 390 (denying motion to compel for failure to conduct adequate meet and confer on all disputes); *Kaufman*, 2013 U.S. Dist. LEXIS 88875 at *21 (same).

### 4.    Plaintiff's Motion to Compel should be Denied because it is Untimely.

A party must move to compel discovery prior to the close of discovery or the motion should be denied as untimely.  *See Mylan Pharmaceuticals, Inc. v. Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C.*, No. 1:03-cv-16, 2006 U.S. Cist. LEXIS 14802 *19 (N.D. W.Va. March 9, 2006) (denying motion to compel as untimely because it was not filed in time to be fully briefed before the close of discovery); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397 (N.D. Tex. 2006) (collecting cases); *Synovus Bank v. Karp et al*, No. 1:10-cv-

---

[10]  At the very least, Plaintiff's request for its costs and fees incurred in filing the Motion to Compel must be denied.

172, 2013 U.S. Dist. LEXIS 113308 *12 (W.D. N.C. Aug. 12, 2013) (affirming magistrate's decision to strike the motion to compel as untimely because it was filed after the close of discovery). This is especially true where discovery is extended several times and the movant had ample time to conduct discovery and depositions. *See Goodman v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-1447, 2013 U.S. Dist. LEXIS 123831 *4-5 (D. Nev. Aug. 28, 2013) (denying motion to compel as untimely, despite the fact that deposition of defendant occurred three days before the close of discovery, finding the parties had extended the discovery deadline several times and plaintiff had "ample opportunity" to depose defendant at an earlier date).

Here, Plaintiff unilaterally noticed the corporate deposition with three weeks remaining in the discovery period, despite the fact that discovery was open for more than one year. The corporate deposition occurred on September 5 and as of this date Plaintiff knew of any alleged deficiencies in the representative's testimony, yet waited until after the discovery deadline to file her Motion to Compel. There is no justification for Plaintiff's delay in bringing forth this discovery issue after the close of discovery and her Motion should be denied as untimely. *See Mylan Pharmaceuticals, Inc.*, 2006 U.S. Dist. LEXIS 14802 at *19 (denying motion to compel as untimely); *Synovus Bank*, 2013 U.S. Dist. LEXIS 113308 *12 (same); *Goodman*, 2013 U.S. Dist. LEXIS 123831 at *4-5 (denying motion untimely finding plaintiff had "ample opportunity" to depose defendant at an earlier date).

**B.**     **Plaintiff's Motion to Compel should be Denied because the Parties had an Agreement on Instructions not to Answer**

It is well-settled that parties may agree to limit the scope of discovery in accordance with Federal Rules of Civil Procedure 26, 30 and 37. As such, the parties may agree in advance on deposition topics and conduct, including instructions not to answer. *See Baez v. Delta Airlines, Inc.*, No. 12-cv-3672, 2013 U.S. Dist. LEXIS 133628, *47, n.20 (S.D.N.Y. Sept. 18, 2013)

(noting defendant "reasonably instructed its witnesses not to answer questions in depositions pursuant to previous agreements between the parties").  The stated purpose of the meet and confer obligation is to "narrow the areas of disagreement to the greatest possible extent."  Fed. R. Civ. P. 37.  Thus, parties are encouraged to resolve such disputes by agreement, rather than involving the Court.

In her Motion, Plaintiff seeks to reopen the Rule 30(b)(6) deposition on the grounds that counsel instructed the witness not to answer certain questions.  (Motion at 11-14).  However, Plaintiff completely ignores the fact that the parties had an agreement on instructions not to answer.  (Aug. 30 Letter, **Ex. 2**) (Bishop Dep. at 7-12, **Ex. 3**).  During the parties' meet and confer conference in August, the parties agreed that Quicken Loans' counsel may instruct the witness not to answer improper questions.  The parties reached this agreement, in part, because Quicken Loans objected to several of the designated topics as improper contention topics, which seek privileged testimony protected by the work product doctrine and Rule 30.[11]  *See Davis v. PMA Co. Inc.*, No. 11-359-C, 2012 U.S. Dist. LEXIS 130944 *25 (W.D. Ok. Sept. 7, 2012) (counsel may instruct a witness not to answer to prevent the disclosure of "mental impressions or legal theories which are subject to the attorney-client and work-product privileges" because

---

[11] Contention topics seek testimony regarding counsel's mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense and thus are privileged and outside the scope of a Rule 30(b)(6) deposition.  *See* 8A Charles Alan Wight, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2102 (3d ed. 2010) ("Questioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel.  Often the grounds for such allegations are best (or only) known to counsel, and in that sense could be regarded as work product ...."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying's plaintiff's Rule 30(b)(6) discovery request for "defendants' mental impressions, conclusions, opinions, and legal theory" under "the guise of requesting 'facts'"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (holding that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC").

depositions "'are designed to discover facts, not contentions'") (quoting *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002)).  The parties also agreed to move forward with the deposition and to preserve Quicken Loans' right to file a Protective Order at a later date, if necessary.

The parties' agreement was memorialized in a letter dated August 30, 2013 and again recited on the record before the Rule 30(b)(6) deposition.  (Aug. 30 Letter, **Ex. 2**) (Bishop Dep. at 7-12, **Ex. 3**).  Plaintiff's contention that counsel's instructions not to answer were unfounded and improper is disingenuous and contrary to the parties' agreement.  Accordingly, Quicken Loans' counsel instructed the witness not to answer pursuant to the parties' agreement and Plaintiff's Motion should be denied.

**C.**     **Plaintiff's Motion to Compel should be denied because the Rule 30(b)(6) Representative Answered Permissible Topics and the Remaining Topics are Improper**

    **1.**     **Plaintiff is not entitled to discovery of the size of the purported class because Quicken Loans stipulated to numerosity based on the class definition pled.**

In her Motion, Plaintiff seeks to reopen the corporate deposition to determine the size of her purported class.  (Motion at 6, 18, 23).  Plaintiff's request is improper, contrary to case law, and evidences Plaintiff's fishing expedition for other classes that are irrelevant and not pled in her Complaint.

Quicken Loans stipulated to numerosity based on the following class definition pled in the Second Amended Complaint:

> All natural persons residing in the United States who were the subject of at least one consumer credit score obtained and used by Quicken Loans between May 1, 2010 and May 1, 2012 in connection with its evaluation of an application initiated or sought by such natural person for a consumer mortgage loan secured by 1 to 4 units of residential property, and to whom the credit score disclosure notice was not provided to that person within 3 business days after Quicken obtained the credit score.

Thus, the number of persons in Plaintiff's purported class is not relevant or discoverable at this stage in the litigation. *See Bishop's Prop. & Invs., LLC v. Protective Life Ins. Co.*, No. 4:05-cv-126, 2007 U.S. Dist. LEXIS 85233, *9-10 (M.D. Ga. Nov. 19, 2007) (holding plaintiffs were not entitled to discovery of class data given defendant's stipulations to numerosity); *Ketch, Inc. v Heubel Material Handling*, No. 5:11-cv-00012, ECF No. 43, Order Denying Plaintiff's Motion to Compel (W.D. Okla. Sept. 28, 2011) (denying plaintiff's motion to compel, finding evidence on volume is impermissible where defendant did not contest numerosity); *Alberton v. Commonwealth Land Title Ins. Co.*, 247 F.R.D. 469, 476 (E.D. Pa. 2008) (holding "[n]umerosity does not require evidence of the exact number or identification of the proposed class"), *rev'd on other grounds*, *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217 (3d Cir. 2008) (quoting *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 205 (E.D. Pa. 2001)); *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (finding "the exact number of class members need not be pleaded or proved") (quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001)).

It is well-settled that class data is not discoverable unless the plaintiff shows that it is relevant to the certification decision. *Robbins v. NCO Fin. Sys.*, No. 2:06-cv-116, 2006 U.S. Dist. LEXIS 89962, *13-15 (N.D. Ind. Dec. 12, 2006) ("The relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23"); *Palmer v. Stassinos*, No. 5:04-cv-3026, 2005 U.S. Dist. LEXIS 41270, *12-13 (N.D. Cal. 2005) (finding that prior to certification, class information is only relevant if it establishes one of the Rule 23 factors). Quicken Loans has already stipulated to numerosity, thus the number of persons in Plaintiff's purported class is not relevant to the certification decision and is not discoverable. Further, Plaintiff did not designate a topic on the size of her purported class until two days prior to the deposition, which was

untimely and improper.[12] (ECF No. 118, 119, Topic No. 80). Accordingly, Plaintiff's request to reopen the corporate deposition to seek information on the number of persons in her purported class is contrary to the law and should be denied.

2. **Plaintiff's Motion to reopen the Rule 30(b)(6) deposition should be denied because Quicken Loans' corporate representative was well-prepared and responsive.**

Generally, a deponent cannot be required to appear for a second deposition absent a showing of good cause. *See* Fed. R. Civ. P. 26(b)(2), 30(a)(2). Under Rule 30(b)(6), a corporation has a duty to reasonably prepare the designated representative in good faith. *Costa v. County of Burlington*, 254 F.R.D. 187, 190 (D. N.J. 2008) (denying motion for sanctions). However, "[s]imply because the defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its Rule 30(b)(6) witness." *Costa*, 254 F.R.D. at 190; *see Shenoy v. Charlotte-Mecklenburg Hospital Authority*, No. 3:08-cv-125, 2011 U.S. Dist. LEXIS 138771 *10 (W.D. N.C. Dec. 1, 2011) (denying motion to reopen Rule 30(b)(6) deposition, finding the fact that plaintiff is challenging three or four of the 11 deposition topics does not equate to the representative failing to appear). Further, the Rule 30(b)(6) deposition is not intended to be a substitute for taking individual depositions. *Costa*, 254 F.R.D. at 191.

In her Motion, Plaintiff seeks to compel additional testimony on the grounds that some of the corporate representative's responses were "evasive, non-responsive, and combative." (Motion at 152). However, Plaintiff fails to identify the particular questions or topics in which she alleges that the corporate representative's responses were insufficient or otherwise improper.

---

[12] To the extent Plaintiff seeks the discovery of some unidentified subclass; her request is improper and should be denied. First, Plaintiff did not plead any subclass. Second, Plaintiff did not designate any topics on purported subclasses until two days prior to the deposition, which is untimely and in bad faith. *See* Footnote 6, *supra*.

Instead "Plaintiff seeks answers to the questions posed to the deponent at the [R]ule 30(b)(6) deposition generally." (Motion at 23). Plaintiff's argument is meritless, as Ms. Bishop was well-prepared on the designated topics and answered questions substantively.

In support of her argument, Plaintiff identifies transcript pages in two footnotes. (Motion at 17, n. 9, 10). However, there is no evidence from the pages identified that Ms. Bishop was unprepared or refused to testify. Instead, they confirm her good faith effort to prepare for the designated topics by reviewing voluminous documents and consulting employees with first-hand knowledge. (*See* Bishop Dep. at 13, 16, 97-98, **Ex. 2**). The only topics Ms. Bishop was not prepared to testify on were those noticed for the first time two days prior to the deposition, which were untimely, improper, and in bad faith. (*See id.* at 80, 81, 102, 110-112, **Ex. 2**). Further, after the corporate deposition, Plaintiff deposed four additional fact witnesses, identified by Ms. Bishop as persons with first-hand knowledge of particular topics. For example, Plaintiff challenges Ms. Bishop's knowledge of the programming logic for the LOLA system, but deposed Quicken Loans' business analyst and software engineer for LOLA after the corporate deposition.

Similarly, there is no evidence from the pages identified that Ms. Bishop's answers were evasive. Ms. Bishop testified that Quicken Loans does not have specific knowledge or recollection of conversations that occurred in 2004, beyond those codified in emails. (*See id.* at 19:23-25, 20:1-6, 59:2-7, 60:1-9, and 92). Ms. Bishop also testified that she spoke with employees who were involved in the implementation of the credit score disclosure requirement in 2004 and confirmed that these individuals do not recall the content of communications that occurred in 2004. (*See id.*). This response is not evasive; it is reasonable and truthful given that almost ten years has lapsed since that timeframe.

Accordingly, no justification or good cause exists to reopen the deposition on the above matters because Quicken Loans' corporate representative was prepared in good faith and sufficiently answered Plaintiff's questions.   Plaintiff's last minute attempt to re-depose the corporate representative on all topics and to avoid timely resolution of this case is unsupported and should be denied.

>   **3.**      **Quicken Loans' corporate representative answered questions in which counsel allegedly instructed the witness not to answer.**

In her Motion, Plaintiff identifies five instances in which Quicken Loans' counsel instructed the witness not to answer questions on improper topics.[13]   (Motion at 11-14).   Of these, Ms. Bishop substantively answered three of the questions or topics identified, as set forth below.[14]

>   a.      **Quicken Loans did not have knowledge of verbal discussions in 2004.**

**Mr. Lyngklip:**  Ms. Bishop, I want to go back to the last question and we're talking about the timeframe back in 2004 when the policy concerning FACTA was developed.   At that time, was Quicken aware of the line of case – line of cases discussion Section 1681q of the Fair Credit Reporting Act?

…

**Ms. Bishop:** And you -- I don't know what lines of cases you mean.   There's lots of lawsuits involving mortgages, so you – that's way too broad.

…

---

[13] In the remaining "examples" identified in Footnote 7 of Plaintiff's Motion, counsel either instructed the witness not to answer as protected by the attorney-client privilege or there were form objections with no instructions not to answer.   (*See* Bishop Dep. 53:19-22, 54, 133:4, 146:2-3, 148-149, **Ex. 3**).

[14] Counsel instructed the witness not to answer the remaining two questions pursuant to the parties' agreement.   *See* Argument, Part C.   For example, counsel instructed the witness not to answer Plaintiff's question regarding whether Quicken Loans did "any investigation about how much work it would be for those people to accomplish that" on the grounds that the parties previously agreed to narrow the designated topic to data related to credit scores and credit score disclosures.   (Motion at 13).   However, Plaintiff's question was overly broad, vague, and not narrowed in accordance with the parties' agreement.

**Mr. Lyngklip:**  So, Ms. Bishop, in terms of the development of the policy and how Quicken understands the word "use" in that policy, did Quicken consult any cases in specific?

**Ms. Bishop:**  I do not recall.

**Mr. Lyngklip:**  Did Quicken do any legal research?

**Ms. Bishop:**  Legal research would have been done.  To the extent of what was reviewed outside of the statute and the secondary authorities and the information provided, I have no recollection.

(Bishop Dep. at 56:15-17, 58:23-25, 59:1-7, **Ex. 3**) (*See* Motion at 11-12).

> b.   **Quicken Loans did not have specific recollection consideration of ECOA in 2004.**

**Mr. Lyngklip:**  So, it would be fair to say that inquiries about applies would not be covered by ECOA either, correct?

**…**

**Ms. Bishop**: Our standard practice, when interpreting statutes, is to look at all relevant and related statutes and regulations. We would have considered RESPA; we would have considered Truth in Lending; we would have considered ECOA and any other thing that would have been relevant.

So, not specifically, no recollection about ECOA, but it's standard to think in terms of the bigger picture, absolutely, and ECOA is one of them that factors into compliance discussions more – more times than not.

**Mr. Lyngklip:**  I believe you answered my question –

**Ms. Bishop:**  I did or didn't?

**Mr. Lyngklip:**  You did.

(Bishop Dep. at 103:9-19, **Ex. 3**) (*See* Motion at 12-13).

> c.   **Ms. Bishop answered all questions on Topic No. 93.**

Similarly, Ms. Bishop provided answers to all of Plaintiff's questions on Topic 93, despite the fact that the topic was noticed for the first time two days before the deposition.  (*See* Bishop Dep. at 163:11-164:21, **Ex. 3**).  Quicken Loans' counsel objected to the untimely topic generally, but did not instruct the witness not to answer any of Plaintiff's questions.  (*See id*).

Accordingly, where Ms. Bishop answered the question asked, notwithstanding any objection, Plaintiff's Motion to Compel additional testimony fails as a matter of law.

**D.** **Plaintiff's Motion to Compel should be Denied because the Errata Sheet is Proper, Timely, and does not Create Grounds to Reopen the Rule 30(b)(6) Deposition.**

Pursuant to Fed. R. Civ. P. 30(e), a deponent may change the form or substance of deposition testimony by serving an errata sheet on the opposing party. Because the notion that a corporation can "speak" through its corporate representative at a deposition is a legal fiction, the corporation may review the deposition transcript post-deposition in order to ensure its accuracy. *See Holland v. Cedar Creek Mining*, 198 F.R.D. 651 (S.D. W.Va. 2001) (holding Rule 30(e) "clearly recognizes that a deponent may make any 'changes in form or substance' which the witness desires…In fact, 'courts generally construe Rule 30(e) broadly to permit any changes.'"). If, after reviewing the deposition transcript, the corporation determines that the testimony needs clarification or correction, the corporation is permitted to do so to ensure the deposition testimony reflects the position of the corporation.[15] *See id.*

Plaintiff's Amended Rule 30(b)(6) Deposition Notice designates 93 topics. (ECF No. 118, 119). Notwithstanding this, the errata sheet contains only 11 discrete clarifications and/or changes.[16] (*See* Motion, Ex. B). The errata sheet was not due until October 17, 30 days after receipt of the deposition transcript, but Quicken Loans served the errata sheet on October 1. Quicken Loans served the errata sheet early so that Plaintiff's counsel would have the benefit of the clarifications made in the errata sheet when deposing additional fact witnesses on October 2.

---

[15] Plaintiff's claim that the errata sheet is not properly signed is meritless. Quicken Loans' corporate representative, Amy Bishop, made the changes on the errata sheet and authorized her duly appointed representative to sign the errata sheet for her. The signature is valid in accordance with well-settled agency law. Notwithstanding this, Quicken Loans served a copy of the original errata sheet, personally signed by Ms. Bishop on October 17, the date it was due.

[16] Three of the changes on the errata sheet are duplicative.

The errata sheet fully complies with Rule 30(e) and does not warrant reopening the Rule 30(b)(6) deposition.  Indeed, the errata sheet identifies the reasons for each clarification and/or change with detail and particularity in accordance with the federal rules and case law.  (*See* Motion, Ex. B).  In her Motion, Plaintiff appears to challenge the substantive changes in the errata sheet relating to Quicken Loans' LOLA system, including the Second Voice review and data maintenance.  Notably, the programming logic for the Second Voice program was not a designated Rule 30(b)(6) topic.  Notwithstanding this, Plaintiff's counsel had the opportunity to cross-examine Kevin Lang, the Director of Software Engineering for the LOLA system, on programming logic for LOLA, including the clarifications on Ms. Bishop's errata sheet.  In a good faith effort to resolve this discovery dispute, Quicken Loans agrees to designate Mr. Lang's testimony on Second Voice and data retention as Quicken Loans' Rule 30(b)(6) testimony on these topics.  The remaining clarifications are non-substantive and there is no good cause to reopen the deposition and delay pretrial deadlines.  Thus, Plaintiff's Motion to Compel Rule 30(b)(6) Testimony should be denied.

## IV.   CONCLUSION

Wherefore, for all of the above reasons, Defendant Quicken Loans Inc. respectfully requests that the Court enter an Order denying Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and granting Quicken Loans any further legal or equitable relief that the Court deems appropriate.

Dated:  October 21, 2013

Respectfully Submitted,

**QUICKEN LOANS, INC.**

By:   /s/ John C. Lynch
                 Of Counsel

20

John C. Lynch (W.V. Bar No. 6627)
Jason E. Manning (W.V. Bar No. 11277)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,**

        **Plaintiffs,**

        **v.**                           **Civil Action No. 2:12-cv-1353**

**QUICKEN LOANS, INC.,**

        **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of October, 2013, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the following CM/ECF participants:

<u>**Counsel for Plaintiff**</u>
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
jbazaz@bazazlaw.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
matt@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer Law Group
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
E-mail: ian@MichiganConsumerLaw.com

    /s/ John C. Lynch
John C. Lynch (W.V. Bar No. 6627)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com