IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,

Plaintiffs,

v.                                                    Civil Action No. 2:12-cv-1353

QUICKEN LOANS, INC.,

Defendant.

## DEFENDANT QUICKEN LOANS, INC.'S OBJECTIONS TO THE PLAINTIFF ALISHA KINGERY'S NOTICE OF RULE 30(b)(6) DEPOSITION

Defendant Quicken Loans, Inc. ("Quicken Loans"), by counsel, submits the following

Objections to the topics set forth in Plaintiff Alisha Kingery f/k/a Alisha Wilkes' Notice of Rule

30(b)(6) Deposition.

### TOPICS

1.      All allegations of fact stated in the complaint in this lawsuit.

**No objection.**


2.      All affirmative defenses asserted by Defendant in this litigation.

**Quicken Loans objects to this topic because it seeks a contention requiring the**

**witnesses to apply law to fact on Quicken Loans' affirmative defenses in this litigation,**

**which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible**

**discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental**

**impressions, opinions, and/or theories of Quicken Loans and its attorneys in the**

21106684v1

Exhibit 1

preparation of Quicken Loans' defense, which is protected by the work product doctrine.[1] Quicken Loans further objects because this topic seeks a legal conclusion and impermissible opinion testimony. Quicken Loans will be prepared to testify about the facts supporting its affirmative defenses.

      3.      The meaning of "reasonably practicable" for purposes of your compliance with 15 U.S.C. § 1681g(g).

      **Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding the legal definition of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because this topic seeks legal conclusions and impermissible opinion testimony. Quicken**

---

[1] *See* 8A Charles Alan Wight, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2102 (3d ed. 2010) ("Questioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel. Often the grounds for such allegations are best (or only) known to counsel, and in that sense could be regarded as work product ...."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying's plaintiff's Rule 30(b)(6) discovery request for "defendants' mental impressions, conclusions, opinions, and legal theory" under "the guise of requesting 'facts'"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (holding that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC").

Loans will be prepared to testify about the development of its policies and procedures to comply with 15 U.S.C. § 1681g(g).


4.      The meaning of "use" for purposes of your compliance with 15 U.S.C. § 1681g(g).

Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding the meaning of "use," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because this topic seeks legal conclusions and impermissible opinion testimony. Quicken Loans will be prepared to testify about the development of its policies and procedures to comply with 15 U.S.C. § 1681g(g).


5.      Whether your LOLA, Lakewood, or AMP computer systems requires the presence of a credit score for any computer or application processes.

Quicken Loans objects because whether its computer systems "require" a credit score "for any computer or application processes" is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6). Quicken Loans will be prepared to testify about whether and when a credit score is required in LOLA,

3

**Lakewood, or AMP to move to the next step of the credit inquiry and/or application process.**

6.      The time, purpose, and circumstances of any use of Plaintiff's credit score (including computer processing), your preparation of a score notice, the date on which such a score notice was delivered by you to her, and the identity of the company, service, or person who sent that notice.

**No objection.**

7.      The existence, nature and content of any agreement under which any independent contractor prepares or delivers notices required by 15 U.S.C. § 1681g(g) on your behalf.

**No objection.**

8.      The existence, nature, and content of any business rules for preparation of all notices under 15 U.S.C. § 1681g(g).

**Quicken Loans objects to the phrase "business rules" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6). Quicken Loans will be prepared to testify about the development and implementation of its policies and procedures to comply with 15 U.S.C. § 1681g(g).**

9.      The existence, nature, and content of any triggers or business rules for preparation of 1681g(g) notices.

**Quicken Loans objects to the term "business rules" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6).  Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).**

10.     The existence, nature, and content of any computer processes which rely upon the presence or absence of a credit score after receipt of that score in relation to a consumer.

**Quicken Loans objects to the phrase "any computer processes which rely upon the presence of absence of a credit score" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6).  This topic is entirely unclear as to what it means for a computer process to "rely" on the "presence or absence of a credit score."  Quicken Loans will be prepared to testify about whether and when a credit score is required in LOLA, Lakewood, or AMP to move to the next step of the credit inquiry and/or application process.**

11.     The existence, nature, administrator and content of each element or aspect of your policy, procedures, and practices regarding the sending of notices under 15 U.S.C. § 1681g(g) which has not been reduced to a writing by you.

**No objection.**

12.     The existence, nature and content of documents or electronically stored information regarding those policies, procedures and practices.

5

**No objection.**

13.    A description of the computer systems and rules used by those systems to prepare and deliver of the notices required by 15 U.S.C. § 1681g(g).

**Quicken Loans objects to the phrase "rules used by those computer systems" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6).  Quicken Loans will be prepared to testify about the manner in which its computer systems prepare and deliver notices required by 15 U.S.C. § 1618g(g).**

14.    Your efforts to promulgate and/or disseminate your policies, procedures, and practices relating to the preparation and delivery of score notices under 15 U.S.C. § 1681g(g) throughout your organization.

**No objection.**

15.    Whether you were required to issue a notice to Pláintiff in relation to each access of her consumer credit score.

**Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Quicken Loans was required to send a credit score disclosure to Plaintiff for each access of her consumer credit score, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.   This contention topic seeks testimony regarding mental**

impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans also objects to this topic because it calls for a legal conclusion and impermissible opinion testimony.

16.    The time frame within which you contend you were required to issue a notice to Plaintiff under § 1681g(g) in relation to each of her credit score.

**This topic description is incomplete because it seeks discovery regarding "each of her credit score."  Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding the time frame within which Quicken Loans contends it was required to send a score disclosure to Plaintiff, if at all, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.** *See* **n.1,** *supra,* **which is incorporated herein by reference.  Quicken Loans objects because this topic calls for a legal conclusion and impermissible opinion testimony.  Quicken Loans also objects because this topic suggests that 15 U.S.C. § 1681g(g) requires a lender to send a credit score disclosure every time a consumer's credit score is accessed or used in any manner.**

17.     Whether in formulating your policy for compliance with 15 U.S.C. § 1681g(g), you considered sending that notice at any earlier phase in the application process and if so the reasons why such policy proposals were ultimately rejected.

**No objection.**

18.     The nature and content of any legal review performed by you or any outside law firm prior to the initiation of this lawsuit, to determine the proper time frame within which you contend you were required to issue notices to any person under § 1681g(g).

**No objection.**


19.     Whether you contend that you have complied with the requirements of 15 U.S.C. § 1681g(g) in relation to each use of Plaintiff's credit score.

**Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Quicken Loans contends it complied with § 1681g(g) in relation to "each use" of Plaintiff's credit score, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See n.1, supra*, which is incorporated herein by reference. Quicken Loans objects to the phrase "each use" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6). Quicken Loans also objects because this topic suggests that 15 U.S.C. § 1681g(g) requires the lender to send a credit score disclosure each time a consumer's credit score is**

8

accessed or used in any manner.  Quicken Loans will be prepared to testify about its compliance with 15 U.S.C. § 1681g(g) in relation to Plaintiff.

20.     Each reason why the notices required by 15 U.S.C. § 1681g(g) could not have been prepared sooner than it was to Plaintiff and the proposed class members.

**Quicken Loans objects to this topic because 15 U.S.C. § 1681g(g) does not require lenders to prepare credit score disclosures "as soon as possible."  Quicken Loans also objects to this topic as unduly burdensome because it would require Quicken Loans to conduct an internal investigation into the facts and circumstances for each member of the purported class.**

21.     The data available in relation to your mortgage applicants whose credit scores were accessed by you, and your ability to access, manipulate and produce that data in this action.

**Quicken Loans objects to the phrases "data available" and "mortgage applicants" because they are overly broad, vague, and ambiguous and are not described with reasonable particularity as required by Rule 30(b)(6).  Quicken Loans objects to this topic as overly broad because it seeks discovery of "data available in relation to your mortgage applicants" for an unlimited period of time and is not limited in scope to the requirements of 15 U.S.C. § 1681g(g).  Quicken Loans will be prepared to testify about its ability (or inability) and time/costs to produce data and conduct investigations relating to Plaintiff's purported class.**

22.     Your efforts to preserve evidence relevant to this action and the identity of potential class members.

**Quicken Loans objects because this topic seeks the discovery of information protected by the attorney-client privilege or work product doctrine, including any litigation hold documents or communications to Quicken Loans by its outside counsel.  Quicken Loans will be prepared to testify as to its efforts to preserve evidence relevant to this case.**

23.     Whether the class alleged is certifiable.

**Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Plaintiff's purported class is certifiable, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans also objects because this topic seeks a legal conclusion and impermissible opinion testimony.**

24.     Any reasons why the alleged class is not certifiable.

**Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding the reasons why Plaintiff's purported class is not certifiable, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony**

regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because this topic seeks a legal conclusion and impermissible opinion testimony.

25. Whether you prepare and delivery any other notices or correspondence to consumers prior to those consumers receiving a designation of Code 10 or Code 100.

No objection.

26. Whether you failed to deliver as soon as was reasonably practicable, the notice required by 15 U.S.C. § 1681g(g) to any discernible group of persons, and if so the nature and numerosity of that group.

Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Quicken Loans failed to deliver "as soon as reasonably practicable" the notice required by § 1681g(g) to any discernible group of persons, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also

objects because this topic seeks a legal conclusion and impermissible opinion testimony. Quicken Loans further objects to this topic because it already stipulated to numerosity.[2]

27.     The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 days of your use of those individual's credit score.

**Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans also objects to this topic because it already stipulated to numerosity.  *See*, n.2, *supra*.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.**

28.     Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 3 days of your use of a credit score.

---

[2] In response to Plaintiff's Third Set of Requests for Production of Documents, No. 1, Quicken Loans admitted that, within the preceding two (2) years before the filing of Plaintiff's Complaint, Quicken Loans provided a sufficient number of people with a credit score disclosure to satisfy the numerosity requirements of Fed. R. Civ. P. 23.

Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable." Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

29.    Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 3 days of your use of a credit score.

This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities. Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a

lender to prepare and send credit score notices "as soon as capable." Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

30. Whether it was "reasonably practicable" for you to prepare and send notices under 15 U.S.C. § 1681g(g) within 3 days of your use of a credit score, and if it was not "reasonably practicable" the reasons why not.

Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible

discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because this topic calls for a legal conclusion and impermissible opinion testimony. Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

31.     The reasons why you failed to prepare notices for any such individuals within 3 days of your use of those individual's credit scores.

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g),

which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Further this topic is unduly burdensome because it would require Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.

32.     The number of other notices required by federal law that were prepared for those individuals within 3 days of your use of those individual's credit scores.

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*.  Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."   Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of

16

permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.

33.     The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 7 days of your use of those individual's credit score.

Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects to this topic because it already stipulated to numerosity. *See*, n.2, *supra*. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.

34.     Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 7 days of your use of a credit score.

Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable." Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

35.     Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 7 days of your use of a credit score.

This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities. Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a

lender to prepare and send credit score notices "as soon as capable."  Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

36.     Whether it was "reasonably practicable" for you to prepare and send notices under 15 U.S.C. § 1681g(g) within 7 days of your use of a credit score, and if it was not "reasonably practicable" the reasons why not.

Quicken Loans objects because this topic calls for a legal conclusion and impermissible opinion testimony.  Quicken Loans bjects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning

of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

37. The reasons why you failed to prepare notices for any such individuals within 7 days of your use of those individual's credit scores.

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans'

defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Further this topic is unduly burdensome because it would require Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.

38.    The number of other notices required by federal law that were prepared for those individuals within 7 days of your use of those individual's credit scores.

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*.  Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.

39.     The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 14 days of your use of those individual's credit score.

**Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."   Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.   This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.   *See* n.1, *supra*, which is incorporated herein by reference.   Quicken Loans further objects to this topic because it already stipulated to numerosity.   *See*, n.2, *supra*.   Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.**

40.     Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 14 days of your use of a credit score.

**Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable."   Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."**

Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

41.     Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 14 days of your use of a credit score.

This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities. Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable." Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans

"used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6)

deposition and exceeds the scope of permissible discovery under Rules 26 and 30.   This

contention topic seeks testimony regarding mental impressions, opinions, and/or theories of

Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is

protected by the work product doctrine.   *See* n.1, *supra*, which is incorporated herein by

reference.   Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to

send a credit score disclosure within a specified number of days.   Quicken Loans will be

prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).


42.     Whether it was "reasonably practicable" for you to prepare and send notices under

15 U.S.C. § 1681g(g) within 14 days of your use of a credit score, and if it was not "reasonably

practicable" the reasons why not.

Quicken Loans objects because this topic calls for a legal conclusion and

impermissible opinion testimony.   Quicken Loans objects to the term "use" of a credit

score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. §

1681g(g) only applies to "use in connection with an application."   Quicken Loans also

objects to this topic because it seeks a contention requiring the witnesses to apply law to

fact regarding whether and when Quicken Loans "used" credit scores within the meaning

of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule

30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.

This contention topic seeks testimony regarding mental impressions, opinions, and/or

theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense,

which is protected by the work product doctrine.   *See* n.1, *supra*, which is incorporated

24

herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

43.   The reasons why you failed to prepare notices for any such individuals within 14 days of your use of those individual's credit scores.

**Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the** *Federal Rules of Civil Procedure.* **Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.** *See* **n.1,** *supra,* **which is incorporated herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Finally, this topic is unduly burdensome because it would require**

Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.

44.     The number of other notices required by federal law that were prepared for those individuals within 14 days of your use of those individual's credit scores.

**Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.**

45.     The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 21 days of your use of those individual's credit score.

**Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use**

in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans further objects to this topic because it already stipulated to numerosity.  *See*, n.2, *supra*.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.

46.     Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 21 days of your use of a credit score.

Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable."  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken

27

Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

47.     Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 21 days of your use of a credit score.

This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities. Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable." Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is

protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

48.     Whether it was "reasonably practicable" for you to prepare and send notices under 15 U.S.C. § 1681g(g) within 21 days of your use of a credit score, and if it was not "reasonably practicable" the reasons why not.

Quicken Loans objects because this topic calls for a legal conclusion and impermissible opinion testimony. Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

49.     The reasons why you failed to prepare notices for any such individuals within 21 days of your use of those individual's credit scores.

**Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Finally, this topic is unduly burdensome because it would require Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.**

50.     The number of other notices required by federal law that were prepared for those individuals within 21 days of your use of those individual's credit scores.

30

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.

51.   The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 30 days of your use of those individual's credit score.

Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26

and 30.   This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.   *See* n.1, *supra*, which is incorporated herein by reference.   Quicken Loans further objects to this topic because it already stipulated to numerosity.   *See*, n.2, *supra*.   Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.

52.   Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 30 days of your use of a credit score.

Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable."   Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.   This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.   *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to

32

send a credit score disclosure within a specified number of days.  Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

53.    Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 30 days of your use of a credit score.

**This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable."  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Quicken Loans**

will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

54.    Whether it was "reasonably practicable" for you to prepare and send notices under 15 U.S.C. § 1681g(g) within 30 days of your use of a credit score, and if it was not "reasonably practicable" the reasons why not.

**Quicken Loans objects because this topic calls for a legal conclusion and impermissible opinion testimony. Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. See n.1, supra, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).**

55.     The reasons why you failed to prepare notices for any such individuals within 30 days of your use of those individual's credit scores.

**Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Further this topic is unduly burdensome because it would require Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.**

56.     The number of other notices required by federal law that were prepared for those individuals within 30 days of your use of those individual's credit scores.

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*.  Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.

57.    The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 45 days of your use of those individual's credit score.

Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26

36

and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects to this topic because it already stipulated to numerosity. *See*, n.2, *supra*. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.

58. Whether you had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 45 days of your use of a credit score.

Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable." Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to

send a credit score disclosure within a specified number of days.  Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

59.    Whether any contractor with whom you do business had the capability of preparing and sending notices under 15 U.S.C. § 1681g(g) within 45 days of your use of a credit score.

**This topic exceeds the scope of permissible discovery under the *Federal Rules of Civil Procedure* because Quicken Loans' corporate representative is not required to testify to topics beyond the corporation's knowledge, such as the capability of any contractors or other entities.  Quicken Loans objects because 15 U.S.C. § 1681g(g) does not require a lender to prepare and send credit score notices "as soon as capable."  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Quicken Loans**

will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).

60.     Whether it was "reasonably practicable" for you to prepare and send notices under 15 U.S.C. § 1681g(g) within 45 days of your use of a credit score, and if it was not "reasonably practicable" the reasons why not.

**Quicken Loans objects because this topic calls for a legal conclusion and impermissible opinion testimony.  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g) and the meaning of "reasonably practicable," which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  _See_ n.1, _supra_, which is incorporated herein by reference.  Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days. Quicken Loans will be prepared to testify about its policies and procedures to comply with 15 U.S.C. § 1681g(g).**

61.     The reasons why you failed to prepare notices for any such individuals within 45 days of your use of those individual's credit scores.

**Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about.  Quicken Loans objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application."  Quicken Loans also objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30.  This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine.  *See* n.1, *supra*, which is incorporated herein by reference.   Quicken Loans further objects because 15 U.S.C. § 1681g(g) does not require a lender to send a credit score disclosure within a specified number of days.  Further this topic is unduly burdensome because it would require Quicken Loans to conduct an internal investigation into each client or potential client's history, which would be unduly burdensome, expensive, time consuming, and oppressive.**

62.     The number of other notices required by federal law that were prepared for those individuals within 45 days of your use of those individual's credit scores.

40

Quicken Loans objects because this topic is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30 of the *Federal Rules of Civil Procedure*. Specifically, this topic does not identify or describe the "individuals" that it seeks discovery about. Quicken Loans also objects to the term "use" of a credit score as vague and ambiguous because it is undefined and overly broad because 15 U.S.C. § 1681g(g) only applies to "use in connection with an application." Quicken Loans further objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether and when Quicken Loans "used" credit scores within the meaning of § 1681g(g), which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference.

63.    The number of persons whose credit score you received in the period commencing two years prior to the filing of the complaint.

Quicken Loans objects to this topic as overly broad because it seeks the discovery of the number of persons who credit score Quicken Loans received for a two year period, regardless of the timing of their credit score disclosure. Thus, this topic seeks the discovery of individuals outside of Plaintiff's purported class. Quicken Loans also objects to this topic because it already stipulated to numerosity. *See*, n.2, *supra*.

64.    Whether Plaintiff is a suitable class representative and if not why.

41

Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Plaintiff is a suitable class representative, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because this topic calls for a legal conclusion and impermissible opinion testimony.

65.     Whether Plaintiff's claims are typical of the alleged class members.

Quicken Loans objects to this topic because it seeks a contention requiring the witnesses to apply law to fact regarding whether Plaintiff's claims are typical of the purported class, which is improper in a Rule 30(b)(6) deposition and exceeds the scope of permissible discovery under Rules 26 and 30. This contention topic seeks testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine. *See* n.1, *supra*, which is incorporated herein by reference. Quicken Loans also objects because this topic calls for a legal conclusion and impermissible opinion testimony.

66.     The identity of the individual responsible for or participating in the drafting of your procedures regarding the issuance of § 1681g(g) notices.

No objection.

67.     The identity and employer of any individual who conducted or participated in any audits or reviews of the policies and procedures regarding the issuance of § 1681g(g) notices, including the audit of any third party contractor who assists in sending any such notices.

**Quicken Loans objects to the extent that this topic seeks the discovery of former employees' contact information and employer, beyond the last-known contact information that may be within Quicken Loans possession.**

68.     The identity, location, and whereabouts of the person or entity responsible for designing, implementing, maintaining, or promulgating your procedures, policies and practices relating to the use of credit scores or the preparation of notices under 15 U.S .C. § 1681g(g), or the time frame in which such score notices are sent to your credit applicants.

**Quicken Loans objects to the extent that this topic seeks the discovery of former employees' contact information and location, beyond the last-known contact information that may be within Quicken Loans possession.  Quicken Loans further objects to this topic as overly broad because it seeks the discovery of all persons responsible for Quicken Loans' policies and procedures relating to "use" of credit scores, whereas 15 U.S.C. § 1681g(g) only applies to "use" of credit scores "in connection with an application."  Further, the term "use" is vague and ambiguous because it is undefined.  Quicken Loans agrees to identify the person(s) responsible for designing, implementing, maintaining, or promulgating its policies and procedures**

69.     The identity of the individual or entity responsible for preparation of your 15 U.S.C. § 1681g(g) notices.

**Quicken Loans objects to this topic as overly broad in duration because it seeks the identity of the individual or entity responsible for preparation of 15 U.S.C. § 1681g(g) notices for an unlimited period of time.  Quicken Loans agrees to identify the individual, team, or entity responsible for preparation of notice under 15 U.S.C. § 1681g(g) since 2010.**

70.     The means by which you prepare of those notices under 15 U.S.C. § 1681g(g).

**Quicken Loans objects to this topic as overly broad in duration because it seeks discovery of the "means" by which Quicken Loans prepares notices 15 U.S.C. § 1681g(g) for an unlimited period of time.  Quicken Loans also objects to this topic and the phrase "means by which you prepare" because it is vague and ambiguous and is not described with reasonable particularity in accordance with Rule 30(b)(6).  Quicken Loans will be prepared to testify about the manner in which credit score disclosures under 15 U.S.C. § 1681g(g) are prepared.**

Dated:  July 24, 2013                             Respectfully Submitted,

**QUICKEN LOANS, INC.**

By: _____
                                                        Of Counsel

44

John C. Lynch (W.V. Bar No. 6627)
Jason E. Manning (W.V. Bar No. 11277)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.                              Civil Action No. 2:12-cv-1353

QUICKEN LOANS, INC.,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2013, I electronically filed this Certificate of

Service for Defendant's Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition with the

Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of

the same was sent via electronic mail and Federal Express to the following counsel of record:

**Counsel for Plaintiff**
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
jbazaz@bazazlaw.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
matt@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer Law Group
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
E-mail: ian@MichiganConsumerLaw.com

John C. Lynch (W.V. Bar No. 6627)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com