JOHN C. LYNCH
757.687.7765 telephone
757.687.1504 facsimile
john.lynch@troutmansanders.com



**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
757.687.7500 telephone
troutmansanders.com

August 30, 2013

**VIA EMAIL AND U.S. MAIL**

Ian B. Lyngklip, Esq.
Ian B. Lyngklip & Associates Consumer Law Group
Suite 206
24500 Northwestern Highway
Southfield, MI 48075
Ian@MichiganConsumerLaw.com

      Re:    **Kingery v. Quicken Loans, Inc.**
               **Case No. 2:12-cv-01353**

Dear Ian:

      This letter concerns our meet and confer discussion on Quicken Loans, Inc.'s objections to Plaintiff's 30(b)(6) Deposition Topic. Quicken Loans agrees to work with Plaintiff in good faith to resolve any disputes on the 30(b)(6) topics and to complete the deposition in a timely, reasonable manner.

      Quicken Loans incorporates its previous objections to Plaintiff's 30(b)(6) topics. As discussed, many of the designated topics seek a contention requiring the witness to apply law to fact, which is improper in a Rule 30(b)(6) deposition. The contention topics seek testimony regarding mental impressions, opinions, and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the work product doctrine and are beyond the scope of Rule 30(b)(6).[1]

---

[1] *See* 8A Charles Alan Wight, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2102 (3d ed. 2010) ("Questioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel. Often the grounds for such allegations are best (or only) known to counsel, and in that sense could be regarded as work product ...."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying's plaintiff's Rule 30(b)(6) discovery request for "defendants' mental impressions, conclusions, opinions, and legal theory" under "the guise of requesting 'facts'"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (holding that "the proposed Rule 30(b)(6) deposition

ATLANTA  BEIJING  CHICAGO  HONG KONG  NEW YORK  NORFOLK  ORANGE COUNTY  PORTLAND
RALEIGH  RICHMOND  SAN DIEGO  SHANGHAI  TYSONS CORNER  VIRGINIA BEACH  WASHINGTON, DC

Exhibit 2

TROUTMAN
SANDERS

Ian B. Lyngklip, Esq.

August 30, 2013
Page 2

      Quicken Loans agreed to provide revised topics, below. We also agreed to move forward with the scheduled deposition and to reserve certain objectionable topics for the Judge, if necessary. Pursuant to this agreement, Quicken Loans' counsel may instruct a witness not to answer if the questioning on a contention topic goes too far into seeking a legal conclusion and/or impermissible opinion testimony; then, the parties may take up the discovery dispute with the Judge at a later date, if necessary. Finally, the time frame for the designated topics is limited to May 2010 – May 2012, unless the topic relates to the development of Quicken Loans' policies and procedures to comply with § 1681g(g), which were implemented in 2004.

      Below is Quicken Loans' proposal to revise, narrow, withdraw or reserve certain topics:

Topic  Revision/Response

2.    Facts supporting the affirmative defenses asserted by Defendant in this litigation.

3.    The development of your policies and procedures regarding the "reasonably practicable" timeframe to provide credit score disclosures for your compliance with 15 U.S.C. § 1681g(g).

4.    The development of your policies and procedures regarding "use" of consumers' credit scores for your compliance with 15 U.S.C. § 1681g(g).

5.    Whether your LOLA, Lakewood, or AMP computer systems require the presence of a consumer's credit score to move to the next step of the credit inquiry and/or application process.

13.    A description of the manner in which your computer systems prepare and deliver notices required by 15 U.S.C. § 1681g(g).

21.    The data available regarding credit scores and credit score disclosures for your mortgage clients whose credit scores were accessed by you, and your ability to access, manipulate and produce that data in this action.

23.    Whether the purported class is certifiable is an impermissible contention topic and is not permitted under Rule 30(b)(6). This topic should be withdrawn.

24.    The reasons why the purported class is or is not certifiable is an impermissible contention topic and is not permitted under Rule 30(b)(6). This topic should be withdrawn.

---

constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC").

**TROUTMAN SANDERS**

Ian B. Lyngklip, Esq.

August 30, 2013
Page 3

Topics 27-32 are repeated in Topics 33-62. Thus, the below response equally applies to the corresponding topics in 33-62.

27. This topic is overly broad and unduly burdensome. Quicken Loans cannot stipulate to numerosity because "use" of a consumer's credit score (i.e. determining whether "use" of a credit score occurred, and if so, when such "use" occurred) requires an individualized inquiry into the lead detail history or loan history for each client. Thus, it is not feasible for Quicken Loans to determine the number of individuals it allegedly failed to prepare a 1681g(g) notice for within 3 days of use of the credit score. *See* Quicken Loans' Objections and Responses to Plaintiff's Second Set of Interrogatories and Fourth Set of Requests for Production and attached Affidavit of Amy O'Loughlin.

30. Whether it was "reasonably practicable" to send a 1681g(g) notice within 3 days of "use" of the credit score is an impermissible contention topic and not permitted under Rule 30(b)(6). This topic should be withdrawn.

63. Quicken Loans already stipulated to numerosity based on the purported class definition in Plaintiff's Second Amended Complaint.

64. Whether Plaintiff is a suitable class representative is an impermissible contention topic and not permitted under Rule 30(b)(6). This topic should be withdrawn.

65. Whether Plaintiff's claims are typical of the purported class is an impermissible contention topic and not permitted under Rule 30(b)(6). This topic should be withdrawn.

We are generally available next Tuesday to discuss any of these topics.

Sincerely,

John C. Lynch

cc: Jonathan R. Marshall, Esq. (via email)
Leonard A. Bennett, Esq. (via email)
Matthew J. Erausquin, Esq. (via email)
John C. Bazaz, Esq. (via email)
John W. Barrett, Esq. (via email)