IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.                                                CASE NO. 2:12-cv-1353

QUICKEN LOANS, INC.,

       Defendant.

## ORDER

      Currently pending before the Court is Defendant's Motion for Clarification of Magistrate Judge's Order Granting Motion to Compel (ECF Nos. 183, 184). The Order Granting Motion to Compel required Defendant to designate one or more witnesses to testify at a Fed. R. Civ. P. 30(b)(6) deposition and to follow Fed R. Civ. P. 30(c)(2) when objecting during future Rule 30(b)(6) depositions. Defendant's Motion for Clarification was filed on November 21, 2013. Defendant requests this Court enter an order clarifying that Defendant may assert its rights under Fed. R. Civ. P. 30(c)(2) during Rule 30(b)(6) depositions in this case and not just in future cases.

      On October 2, 2013, Plaintiff filed a Motion to Compel Defendant's Rule 30(b)(6) testimony, Defendant filed a Brief in Oppositions on October 21, 2003 and Plaintiff filed her Reply Memorandum on October 28, 2013 (ECF Nos. 151, 167, 175). In a Rule 30 (b)(6) deposition of a witness to testify on behalf of a party corporation, agency or other entity, the notice or subpoena for a deponent "must describe with reasonable particularity the matters for examination." The named organization must then designate one or more officers, directors of

managing agents, or designate other persons who consent to testify as deponents on its behalf. Fed. R.Civ. P. 30(b)(6). On November 12, 2013, the undersigned ordered Defendant to designate one or more witnesses to testify at a Rule 30(b)(6) deposition and to follow Fed. R. Civ. P. 30(c)(2) "when objecting during future Rule 30(b)(6) depositions."

Federal law is well-settled that service of a Rule 30(b)(6) deposition notice triggers a duty on the part of the corporation to prepare the designated witness or witnesses "so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996); *see also Anderson v. Discovery Communications, LLC*, 814 F.Supp.2d 562 (D.Md. 2011).

Fed. R. Civ. P. 30(c)(2) cautions that "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court or to present a motion under Rule 30(d)(3)." Deposition questions must be answered, even if objection is made, unless a claim of evidentiary privilege is raised. *See Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977). Pursuant to a Rule 30(b)(6), it is up to the corporation to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and [the corporations] may set forth, for each person designated, the matters on which the person will testify."

This Court found that pursuant to the explicit language of Rule 30(b)(6), Defendant failed to designate an individual or individuals who could testify about the matters identified in the Rule 30(b)(6) notice.[1] Defendant presented Amy Bishop, in-house attorney, as Defendant's self-selected deponent. Ms. Bishop was unable to respond to multiple topics during the deposition (ECF No. 152-1). Defendant's counsel objected to numerous questions throughout

---

[1] Fed. R. Civ. P. Rule 30(b)(6) requires the notice or subpoena to an organization for a deponent must describe with reasonable particularity the matters for examination.

the deposition of Ms. Bishop. (*Id.*) Defendant's counsel frequently objected to questions "due to form" and instructed Ms. Bishop not to answer (ECF No. 152-1, pages 56, 57, 58, 101, 132, 160 of deposition transcript).

The Court's Order directed Defendant's counsel to follow Fed. R. Civ. P. 30(c)(2) when objecting during future Rule 30(b)(6) depositions. Objections during the deposition must be noted on the record, but the examination still proceeds. Testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2). A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court or to present a motion under Rule 30(d)(3).[2]

It is hereby **ORDERED** that pursuant to Defendant's Motion for Clarification of Magistrate Judge's Order Granting Motion to Compel, Defendant may assert its rights under Fed. R. Civ. P. 30(c)(2) during all Rule 30(b)(6) depositions in this case.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: November 25, 2013.

_____
Dwane L. Tinsley
United States Magistrate Judge

---

[2] Fed. R. Civ. P. 30(d)(3) states that at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party.