IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

  v.                Civil Action No. 2:12-cv-1353

QUICKEN LOANS, INC.,

    Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO LIMIT DEPOSITION AND FOR PROTECTIVE ORDER**

Defendant Quicken Loans, Inc. ("Quicken Loans"), by counsel, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Local Rule 26.4, submits this Memorandum in Support of its Motion to Limit Deposition and for a Protective Order concerning some of the topics Plaintiff has identified in her Rule 30(b)(6) Deposition Notice served on November 19, 2013 (**Exhibit 1**).  Quicken Loans only objects to eight topics that fall into two categories.  For the reasons set forth below, the Court should enter a Protective Order prohibiting Plaintiff from: (a) seeking testimony on the number of individuals in the purported class because Quicken Loans has stipulated to numerosity; (b) seeking impermissible contention testimony; and (c) seeking testimony that is irrelevant, overly broad, and unduly burdensome.

## I.  BACKGROUND

This case is a purported national class action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(g).  Section 1681g(g) was enacted in 2004 and requires a lender to provide a credit score disclosure to a consumer "*as soon as reasonably practicable*" after the lender "*uses*" the consumer's credit score in connection with a loan "*application*."  Plaintiff filed

her class action Complaint on May 1, 2012 for Quicken Loans' alleged violation of § 1681g(g) and has amended her Complaint twice. In substance, Plaintiff asserts that Quicken Loans does not provide credit score disclosures to consumers fast enough, despite the fact that the statute creates a flexible, inherently individualized standard for compliance. Indeed, unlike many other statutes governing mortgage disclosures, there is no set timeline (*i.e.*, no set number of days) to provide a credit score disclosure to a consumer after use of that consumer's credit score in connection with a loan application. Instead, Congress employed a flexible standard that is qualified by reasonableness. Plaintiff's lawsuit is meritless and seeks to collect tens of millions of dollars from Quicken Loans where neither Plaintiff, nor the purported class members suffered any actual damages.

## II.     PROCEDURAL HISTORY

### A.     Discovery Status

Discovery in this case has been extensive. Quicken Loans has produced more than 20,000 documents and has supplemented discovery several times to include e-discovery documents and deposition testimony. Plaintiff has deposed 11 of Quicken Loans' witnesses, including Quicken Loans' Rule 30(b)(6) representative and experts. Four of Quicken Loans' witnesses were deposed after the first corporate deposition of Quicken Loans, as persons with knowledge of specific topics. Quicken Loans has deposed Plaintiff, her expert, and a third party. Discovery closed on October 1. (ECF No. 120).

### B.     The First Rule 30(b)(6) Deposition

Plaintiff's first Notice of Rule 30(b)(6) Deposition contained 70 broad topics and was later amended to add 23 additional topics, for a total of 93 topics. (ECF No. 86, 118, 119). Quicken Loans served objections to the improper topics and objected to the amended topics as improper and untimely. (*See* Objections, **Exhibit 2**). The parties held a meet and confer

2

conference to resolve their disputes on the topics in which Plaintiff's counsel agreed to reserve certain topics for the Court, if necessary, in lieu of Quicken Loans seeking a protective order so that the parties could move forward with the corporate deposition.  (*See* August 30 Letter, **Exhibit 3**).

Quicken Loans' Rule 30(b)(6) representative, Amy Bishop, was deposed by Plaintiff's counsel on September 5.  At the deposition, Quicken Loans' counsel again recited the parties' agreement regarding preservation of Quicken Loans' right to file a protective order on the record and Plaintiff's counsel agreed.  Quicken Loans worked with Plaintiff in good faith to complete the deposition, despite the fact that 23 topics were noticed for the first time two days prior to the deposition.  Quicken Loans' corporate representative fully and completely answered the majority of Plaintiff's questions on the designated topics.

**C.**     **Plaintiff's Motion to Compel and Order on Quicken Loans' Motion for Clarification**

On October 2, Plaintiff filed a Motion to Compel, seeking to reopen the Rule 30(b)(6) deposition on the grounds that the corporate representative was not well-prepared, failed to answer questions on designated topics, and was instructed not to answer several questions.  (ECF No. 151, 152).  On November 12, the Court granted Plaintiff's Motion to Compel, in part, ordering Quicken Loans to designate one or more witnesses to testify at a second Rule 30(b)(6) deposition (the "Nov. 12 Order").  (ECF No. 183).  The Court's Order did not rule on or discuss the substance of any of the designated topics in its opinion. (*See id*.).

On November 21, Quicken Loans filed a Motion for Clarification of the Nov. 12 Order, requesting that the Court clarify whether Quicken Loans may assert its right to object under Rule 30(c)(2) during the second Rule 30(b)(6) deposition in this case.  (ECF No. 184, 185).  In support thereof, Quicken Loans recited Plaintiff's unreasonable position that all objections were

resolved in favor of Plaintiff and that Quicken Loans had waived its right to object, despite the fact that the Court did not rule on the substance of any of the designated topics. (*See id.*). On November 25, the Court entered an Order (the "Nov. 25 Order") holding that Quicken Loans may assert its right to object during the second deposition of Quicken Loans' Rule 30(b)(6) representative. (ECF No. 186).

### D.        Notice of Second Rule 30(b)(6) Deposition

Pursuant to the Court's Nov. 12 Order, Quicken Loans' counsel promptly requested that Plaintiff send Quicken Loans a Rule 30(b)(6) Notice of Deposition so that Quicken Loans could identify and prepare the appropriate corporate witness or witnesses to testify as to the designated topics and to afford the parties time to meet and confer regarding any dispute over the noticed topics. (*See* Nov. 13 Email, **Exhibit 4**). Quicken Loans communicated counsel's availability for the deposition on December 4, 5, 6, 11, or 12, but stated multiple times that these dates were contingent on the corporate representative(s) availability based on the topics designated by Plaintiff. Plaintiff sent Quicken Loans a Notice of Rule 30(b)(6) Deposition via email on November 19, identifying the designated topics. (*See* Ex. 1). Of the original 93 topics, Plaintiff eliminated 60 topics that were satisfied by Quicken Loans' corporate representative in the previous deposition or that Plaintiff determined are not necessary. (*See* Ex. 4).

By letter dated November 26, Quicken Loans asserted objections to the following topics[1]:

**Topics No. 27, 33, 39, 45, 51:** The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score.

**Topic 30:** Whether it was "reasonably practicable" for you to prepare and send noticed under 15 U.S.C. § 1681g(g) within 3 days of your receipt of a credit score, and if it was not "reasonably practicable" the reasons why not.

---

[1] Quicken Loans agreed to withdraw its objections to Topics No. 20 and 93.

> **Topics No. 89 and 90:**  The number of other consumers with a status code of "10" (or "100") for whom the same number of days elapsed between your receipt of their credit score and your preparation of their respective credit score notices under 15 U.S.C. § 1681g(g).

(*See* Nov. 26 Letter, **Exhibit 5**).  Quicken Loans' narrow objections fall into four categories: (1) topics which seek the number of individuals wherein Quicken Loans already stipulated to numerosity based on the class definition pled in the Second Amended Complaint; (2) impermissible contention topics that seek the discovery of counsel's mental impressions and work product; (3) topics that are vague and confusing or seek information that is not reasonably calculated to lead to the discovery of admissible evidence; and (4) topics that are unduly burdensome.[2]

## E.    Meet and Confer

Quicken Loans does not object to the remaining 25 topics and has informed Plaintiff's counsel that Quicken Loans will make the Rule 30(b)(6) representative(s) available to testify on these topics on December 18, 19, or 20, well before the deadline for disposition motions and class certification on February 5, 2014.[3]  Despite Plaintiff's contention, Quicken Loans has never refused to designate a corporate witness and has stated several times that its Rule 30(b)(6) representative(s) will be available to testify on the offered dates or on another date mutually agreeable to counsel and the designees, on all of the topics except for the discrete issues identified below.  Quicken Loans is under no obligation under the Federal Rules to identify the name(s) of its corporate witness(es) prior to the scheduled deposition.

---

[2] Topics 27, 33, 39, 45, and 51 are reiterations of the same topic with a different number of days. Similarly, Topics 89 and 90 are also reiterations of the same topic with a different status code.

[3] Plaintiff originally requested December 11 for the deposition, but this date was not available for Quicken Loans' corporate representative(s).  Accordingly, Quicken Loans proposed three dates during the following week, which are reasonable in light of the February 5 deadline for dispositive motions and class certification.  Further, Quicken Loans even agreed to a reasonable extension of these deadlines, if necessary.

Quicken Loans reached out to Plaintiff several times to schedule a meet and confer conference in a good faith attempt to resolve the parties' dispute on two types of designated topics and to move forward with the deposition.  Prior to the parties' meet and confer conference, Quicken Loans offered December 18, 19, or 20 for the deposition based on the corporate representative(s)' availability.  (*See* Dec. 2 Email, **Exhibit 6**).  The parties held a meet and confer conference on December 2 and Plaintiff did not object to the proposed dates in any manner.  Quicken Loans also proposed a broader stipulation on numerosity to avoid a dispute on the topics seeking the "number" of individuals in Plaintiff's purported class.  Specifically, Quicken Loans agreed to stipulate:

> [F]or purposes of this action only, that the number of consumers with a status code of "100" for whom Quicken Loans obtained a credit report with a credit score from May 1, 2010 through May 1, 2012, and to whom Quicken Loans did not send a credit score disclosure within 21 calendar days of obtaining the consumer's credit report is sufficient to satisfy the numerosity requirements of Rule 23(a)(1).

Quicken Loans' proposed stipulation covers Topics No. 27, 33, 39, 45, and 90.  (*See* Quicken Loans' Dec. 3 Email, **Exhibit 7**).  Quicken Loans communicated to Plaintiff's counsel that it is unable to answer or stipulate to Topics 51 and 89 based on the facts.  (*See id*.).  However, Plaintiff refused to accept the stipulation, despite the fact that Plaintiff had offered a similar stipulation the week before in lieu of testimony on the above topics.  (*See* Plaintiff's Dec. 3 Email, **Exhibit 8**; *see also* Quicken Loans' Second Dec. 3 Email, **Exhibit 9**, Plaintiff's Second Dec. 3 Email, **Exhibit 10**).

Plaintiff also refused to narrow, limit, or withdraw any of her improper and objectionable topics.  Instead, Plaintiff is seeking even broader discovery and stipulations to force the parties into unnecessary motions practice and to further prolong resolution of this matter.  (*See* Plaintiff's Dec. 3 Email, Ex. 7).  Given the obvious deficiencies in Plaintiff's designated topics,

good cause exists for a protective order "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1). As a result, Quicken Loans respectfully requests that the Court limit Plaintiff's requests for deposition topics to only those reasonably likely to lead to admissible evidence.

## III.  LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) (noting that district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery"). Pursuant to Rule 26(c) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1) provides in pertinent part that the Court:

> may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . .
>
> (B)  specifying terms, including time and place, for the disclosure or discovery;
>
> (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

Fed. R. Civ. P. 26(c)(1); *see also Watson v. Lowcountry Red Cross,* 974 F.2d 482, 485 (4th Cir. 1992). Upon a good cause showing to limit discovery, the burden shifts to the party seeking the discovery to "establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998).

There is no set time frame within which a party must move for a protective order under Rule 26(c). *Kuhns v. City of Allentown*, 264 F.R.D. 223, 227-28 (E.D. Pa. 2010) ("The Federal Rules do not set a date certain in which to file a motion for a protective order. See Fed. R. Civ. P. 26(c) (governing protective orders)). Generally, a motion is timey if made prior to the date for

producing discovery or appearing for a deposition.  *See Brittan v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991) ("A motion for a protective order is timely if made prior to the date set for producing the discovery"); *see also In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 622 n.2 (10th Cir. 1982) (motion made four days prior to date set for production) Moreover, the requirement set forth in Rule 26(c) that the moving party 'include a certification that [it] in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action' implies a flexible time frame in which to seek a protective order." *Kuhns*, 264 F.R.D. at 227-28.

In determining timeliness, a court "look[s] to all of the circumstances in determining whether the motion is timely."  8A Charles Alan Wight, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (3rd ed. 2010). Here, Quicken Loans is moving for a protective order well-before the corporate deposition, and thus its motion is timely.  The motion is also timely based on the procedural history of this case and the parties' agreement on motions for protective orders.  Further, pursuant to Rule 30 and this Court's Nov. 26 Order (ECF No. 186), Quicken Loans may object during the Rule 30(b)(6) deposition and move to terminate or limit the deposition, after which the Court may limit the scope of the deposition pursuant to Rule 26(c).   Plaintiff's anticipated position that Quicken Loans must wait until the corporate deposition to assert its objections to these improper topics is incorrect and unreasonable. Resolving the disputed issues prior to the deposition saves the parties time and money and promotes judicial efficiency.  It also ensures that the Rule 30(b)(6) representatives are not deposed multiple times and that the parties' counsel do not have to travel more than once for the same deposition.   The topics identified below fall squarely within Rule 26(c)'s reach such that good cause exists to grant Quicken Loans' Motion.

## IV.   ARGUMENT

**A.   Plaintiff is not Entitled to Discovery of the Number of Individuals in the Purported Class because Quicken Loans Stipulated to Numerosity.**

In her Notice of Rule 30(b)(6) Deposition, Plaintiff designates several topics that seek the "number" of individuals in Plaintiff's purported class or some unidentified class not pled in Plaintiff's Second Amended Complaint.  (*See* Ex. 4, Topics No. 27, 33, 39, 45, 51, 89 and 90). Plaintiff's request is improper, contrary to case law, and evidences Plaintiff's fishing expedition for other classes that are irrelevant to the claims and defenses in this case and not pled in her Second Amended Complaint.  Thus, good cause exists for the Court to limit the Rule 30(b)(6) deposition and issue a protective order on these topics.

Quicken Loans stipulated to numerosity based on the following class definition pled in the Second Amended Complaint:

> All natural persons residing in the United States who were the subject of at least one consumer credit score obtained and used by Quicken Loans between May 1, 2010 and May 1, 2012 in connection with its evaluation of an application initiated or sought by such natural person for a consumer mortgage loan secured by 1 to 4 units of residential property, and to whom the credit score disclosure notice was not provided to that person within 3 business days after Quicken obtained the credit score.

(2nd Am. Comp. ¶ 30).  Despite this, Plaintiff designated the following topics for the Rule 30(b)(6) deposition:

> **Topics No. 27, 33, 39, 45, 51:**  The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score.

> **Topics No. 89 and 90:**  The number of other consumers with a status code of "10" (or "100") for whom the same number of days elapsed between your receipt of their credit score and your preparation of their respective credit score notices under 15 U.S.C. § 1681g(g).

(*See* Ex. 4) (emphasis added).  Quicken Loans objected to these topics on the grounds that Quicken Loans already stipulated to numerosity, thus the "number" of individuals is neither

relevant, nor discoverable at this stage in the litigation. (*See* <u>Ex. 5</u>). Quicken Loans also objected to these topics because they are unduly burdensome and seek impermissible contention testimony, requiring the witness to apply law to fact as to whether the notice was "required" to be sent to the specified individuals, which is improper in a Rule 30(b)(6) deposition. (*See* <u>Ex. 5</u>) (*See also* Argument, Part B and C, *infra*.). Finally, Quicken Loans objected to Topics No. 89 and 90 on the grounds that they are illegible, confusing, and incomplete. (*See id*.).

It is well-settled that class data is not discoverable unless the plaintiff shows that it is relevant to the certification decision. *Robbins v. NCO Fin. Sys.*, No. 2:06-cv-116, 2006 U.S. Dist. LEXIS 89962, *13-15 (N.D. Ind. Dec. 12, 2006) ("The relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23"); *Palmer v. Stassinos*, No. 5:04-cv-3026, 2005 U.S. Dist. LEXIS 41270, *12-13 (N.D. Cal. 2005) (finding that prior to certification, class information is only relevant if it establishes one of the Rule 23 factors). Thus, once the defendant has stipulated to numerosity, the number of persons in a class is not relevant or discoverable until after a class is certified. *See Bishop's Prop. & Invs., LLC v. Protective Life Ins. Co.*, No. 4:05-cv-126, 2007 U.S. Dist. LEXIS 85233, *9-10 (M.D. Ga. Nov. 19, 2007) (holding plaintiffs were not entitled to discovery of class data given defendant's stipulations to numerosity).

Federal courts routinely deny discovery of the number of individuals in a class where the defendant has stipulated to numerosity, and the same result is warranted here. *See Bishop's Prop. & Invs., LLC*, 2007 U.S. Dist. LEXIS 85233 at *9-10 (holding plaintiffs were not entitled to discovery of class data given defendant's stipulations to numerosity); *Ketch, Inc. v Heubel Material Handling*, No. 5:11-cv-00012, ECF No. 43, Order Denying Plaintiff's Motion to

Compel (W.D. Okla. Sept. 28, 2011) (denying plaintiff's motion to compel, finding evidence on volume is impermissible where defendant did not contest numerosity); *Alberton v. Commonwealth Land Title Ins. Co.*, 247 F.R.D. 469, 476 (E.D. Pa. 2008) (holding "[n]umerosity does not require evidence of the exact number or identification of the proposed class"), *rev'd on other grounds*, *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217 (3d Cir. 2008) (quoting *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 205 (E.D. Pa. 2001)); *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (finding "the exact number of class members need not be pleaded or proved") (quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001)).

Quicken Loans has already stipulated to numerosity, thus the number of persons in Plaintiff's purported class or some unidentified class not pled in the Complaint is not relevant to the certification decision and is not discoverable.  Indeed, the number of individuals in Plaintiff's purported class or some unidentified class not pled cannot establish any of the Rule 23 prerequisites, except for numerosity.  Further, though these topics seek information that is not discoverable, Quicken Loans offered to stipulate to numerosity of a broader class of individuals to avoid a dispute on these topics.  However, Plaintiff has refused to accept Quicken Loans' proposed stipulation and has been otherwise unreasonable.  Accordingly, good cause exists to grant Quicken Loans' Motion to Limit Deposition and for a Protective Order on Topics No. 27, 33, 39, 45, 51, 89 and 90. *See Robbins*, 2006 U.S. Dist. LEXIS 89962 at *13-15 ("The relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23").

**B.**     **Plaintiff's Contention Topics are Improper in a Rule 30(b)(6) Deposition.**

Plaintiff's Notice of Rule 30(b)(6) Deposition designates several topics that seek impermissible contention testimony, requiring the corporate witness to apply law to fact, which

is improper in a Rule 30(b)(6) deposition.   (*See* <u>Ex. 4</u>; Topics No. 27, 30, 33, 39, 45, 51).

Specifically, Plaintiff designated the following impermissible contention topics:

> **Topics No. 27, 33, 39, 45, 51:**  The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score.
>
> **Topic 30:**  Whether it was "reasonably practicable" for you to prepare and send noticed under 15 U.S.C. § 1681g(g) within 3 days of your receipt of a credit score, and if it was not "reasonably practicable" the reasons why not.

(*See* <u>Ex. 4</u>) (emphasis added).  Quicken Loans objected to these topics on the grounds that they

seek testimony regarding counsel's mental impressions, opinions, and/or theories of Quicken

Loans and its attorneys in the preparation of Quicken Loans' defense, which is protected by the

work product doctrine and Rule 30.  (*See* <u>Ex. 5</u>).  Accordingly, good cause exists to limit the

Rule 30(b)(6) deposition  and to issue a protective order on these topics.

Contention topics seek testimony regarding counsel's mental impressions, opinions,

and/or theories of Quicken Loans and its attorneys in the preparation of Quicken Loans' defense

and thus are privileged and outside the scope of a Rule 30(b)(6) deposition.  *See* 8A Charles Alan

Wight, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2102 (3d ed.

2010) ("Questioning of a corporate representative pursuant to Rule 30(b)(6) about the facts

underlying allegations in pleadings may present a particular problem verging on taking the

deposition of counsel.  Often the grounds for such allegations are best (or only) known to

counsel, and in that sense could be regarded as work product …."); *see also JPMorgan Chase

Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying's plaintiff's Rule

30(b)(6) discovery request for "defendants' mental impressions, conclusions, opinions, and legal

theory" under "the guise of requesting 'facts'"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y.

1992) (holding that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC").

While Rule 33(a)(2) specifically allows for contention interrogatories, there is no similar provision in Rule 30 for a corporate deposition. *Compare* Fed. R. Civ. P. 30 *with* Fed. R. Civ. P. 33. Indeed, numerous courts agree that a Rule 30(b)(6) deposition is not an appropriate substitute for contention interrogatories. *See, e.g.*, *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601-02 (1999); *McCormick-Morgan, Inc. v. Teledyne Indus.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991), *rev'd in part on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991); *United States v. District Council of Carpenters*, No. 90 Civ. 5722 (CSH), 1992 U.S. Dist. LEXIS 12307, at *48-*49 (S.D.N.Y. Aug. 18, 1992); *EEOC v. American Int'l Group*, No. 93 Civ. 6390 (PKL), 1994 U.S. Dist. Lexis 9815, at *6-*7 (S.D.N.Y. July 18, 1994); *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 8990 (E.D. Pa. Mar. 23, 2004) (finding "a party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories").

Here, Plaintiff's requests constitute an impermissible attempt by Plaintiff to inquire into the mental processes and strategies of Quicken Loans – which would have to be provided by legal counsel. *See SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992). Specifically, Plaintiff seeks to ask Quicken Loans' corporate representative about the legal acumen of Quicken Loans' counsel with regard to the credit score disclosure requirements under 15 U.S.C. § 1681g(g). For example, Topic No. 30 asks whether it was "reasonably practicable" for Quicken Loans to prepare and send credit score disclosures within 3 days of receipt of the consumer's credit report. (*See* Ex. 1). While Plaintiff may question Quicken Loans' representative about the facts that exist surrounding Quicken Loans' practices, she is not allowed to ask the corporate

13

representative  about what §1681g(g) requires *under the law*.  Any response that Quicken Loans'

corporate representative could give regarding Topic No. 30 would necessarily include counsel's

mental impressions, theories, and defenses of Quicken Loans regarding the meaning of the term

"reasonably practicable" within the context of § 1681g(g).  It is clear that these topics seek

purely legal conclusions and any information the representative has would include counsel's

mental impressions, created in the preparation of Quicken Loans' defense and protected by the

work product doctrine.  Accordingly, this Court should limit the discovery to facts known by

Quicken Loans.

**C.**     **Good Cause exists to Limit the Discovery of Information that is Not Relevant, Overly Broad, Vague or Confusing.**

Several of Plaintiff's designated topics also seek information that is not relevant to any

claim or defense, overly broad, vague and/or confusing.  (*See* Ex. 4, Topics No. 27, 33, 39, 45,

51, 89 and 90).  Specifically, the following topics seek information that is irrelevant, overly

broad, vague and/or confusing:

> **Topics No. 27, 33, 39, 45, 51:**  The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score.

> **Topics No. 89 and 90:**  The number of other consumers with a status code of "10" (or "100") for whom the same number of days elapsed between your receipt of their credit score and your preparation of their respective credit score notices under 15 U.S.C. § 1681g(g).

(*See* Ex. 4) (*See* Ex. 5) (setting forth Quicken Loans' objections to these topics).

Rule 26 governs the scope of discovery, stating: "[p]arties may obtain discovery

regarding any nonprivileged matter that is *relevant to any party's claim or defense*."  Fed. R.

Civ. P. 26(b)(1) (emphasis added).  "The purpose of discovery is to provide a mechanism for

making relevant information available to the litigants."  Fed. R. Civ. P. 26 advisory committee's

notes, 1983 Amendment.  The limitation to claims and defenses was inserted as part of the amendments to the Rules in 2000.  In amending the scope of discovery, the Advisory Committee intended that the parties and the court "focus on the actual claims and defenses involved in the action."  Fed. R. Civ. P. 26 advisory committee notes.  Indeed, mere "speculation that information might be useful will not suffice." *EEOC v. Woodmen of the World Life Ins. Soc.*, 8:03CV165, 2007 U.S. Dist. LEXIS 18497, at \*1 (D. Neb. March 15, 2007).  Thus, a protective order is necessary where a party seeks discovery that is not relevant to the claims and defenses in the case. *See Tilley v. United States*, 270 F.Supp.2d 731, 735 (M.D.N.C. 2003) (finding "if the discovery sought has no bearing on an issue of material fact" then "a protective order is proper").

Because Quicken Loans has stipulated to numerosity based on the class definition pled in Plaintiff's Second Amended Complaint, the "number" of individuals sought in the above-mentioned topics is not relevant to any claim or defense and is not relevant to establish any of the Rule 23 factors for class certification. *Robbins*, 2006 U.S. Dist. LEXIS 89962 at \*13-15 ("The relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23"); *Palmer*, 2005 U.S. Dist. LEXIS 41270 at \*12-13 (finding that prior to certification, class information is only relevant if it establishes one of the Rule 23 factors).  Accordingly, this information exceeds the scope of permissible discovery under Rule 26(c) and is not discoverable at this stage in the litigation.

Further, Topics 89 and 90 are illegible, confusing, and incomplete.  Topics 89 and 90 seek the "number of other consumers with a status code of "10" (or "100")" for whom some unidentified number of days elapsed between Quicken Loans' receipt of their credit score and preparation of the credit score disclosure.  Quicken Loans does not understand

15

what information these topics seek.  Thus, good cause exists to limit the corporate deposition on these topics.  *Small v. Ramsey*, 2011 U.S. Dist. LEXIS 91879, at \*15 (N.D. W. Va. Aug. 17, 2011) ("the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process"); *Giebink v. Giebink*, No. Civ. 08-4184, 2009 U.S. Dist. LEXIS 39943, at \*7 (D.S.D. May 12, 2009) (information is discoverable only if relevant to claims and defenses) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's note).

**D.**     <u>**Good Cause exists to limit the Discovery of Information that is Unduly Burdensome**</u>**.**

Not only are Topics No. 27, 33, 39, 45, 51, 89, and 90 improper for the reasons set forth above; these topics would also be unduly burdensome for Quicken Loans and its corporative representative(s) to uncover.   Under Rule 26(b)(2)(C), a court must limit discovery if it determines that the discovery sought is unduly burdensome.

In the ordinary course of business, Quicken Loans does not maintain the specific information requested by Topics 27, 33, 39, 45, 51, 89, or 90.  (*See* Declaration of Amy O'Loughlin, attached as **<u>Exhibit 11</u>** ¶ 5).  Attempting to answer these topics in a manner that could be verified under oath would require Quicken Loans to manually check the electronic files for each individual customer's loan inquiry or application since May 1, 2010 to determine whether and when a credit score was received, when Quicken Loans prepared the consumer's credit score disclosure, and then calculate the number of days between these two events for each individual inquiry or loan application.  (*Id.* ¶ 6).  Further, in the ordinary course of business, Quicken Loans does not have a program that would allow it to electronically aggregate the information requested in these topics.  (*Id.* ¶ 6).

Quicken Loans cannot reasonably estimate the number of hours that the investigation to answer these topics would take, nor can it reasonably estimate the cost in dollar figures attributable to the number of hours this investigation would require. (*Id.* ¶ 7). Any investigation associated with attempting to answer these topics would have to be completed at the same time that Quicken Loans' team members are tasked with their normal daily obligations in the ordinary course of business and would significantly interfere with their ability to perform their daily tasks. (*Id.* ¶ 7). Accordingly, answering these topics would be unduly burdensome for Quicken Loans and its corporate representative(s) and a protective order is necessary.

## V.    CONCLUSION

WHEREFORE, Defendant Quicken Loans, Inc., by counsel, respectfully requests that the Court grant its Motion to Limit Deposition and for a Protective Order, enter an Order that discovery on Topics No. 20, 27, 30, 33, 39, 45, 51, 89, 90, and 93 that Plaintiff seeks to inquiry at the Rule 30(b)(6) deposition of Quicken Loans' corporate representative should not be had, or in the alternative should be limited in scope, and grant Quicken Loans such other and further relief as this Court deems just and proper.

## VI.    CERTIFICATION

Defendant certifies that in compliance with Federal Rule 26(c) and Local Rule 37.1(b) that it has attempted in good faith to resolve the discovery matters at issue and to confer with Plaintiff to resolve this Motion without the necessity of Court involvement.

Dated:  December 3, 2013                              Respectfully Submitted,

                                                                        **QUICKEN LOANS, INC.**

                                                                        By:  ___/s/ John C. Lynch_____
                                                                                        Of Counsel

17

John C. Lynch (W.V. Bar No. 6627)
Jason E. Manning (W.V. Bar No. 11277)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**ALISHA KINGERY,
f/k/a ALISHA WILKES,
individually and on behalf of all
others similarly situated,**

       **Plaintiffs,**

  **v.**                        **Civil Action No. 2:12-cv-1353**

**QUICKEN LOANS, INC.,**

       **Defendant.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
jbazaz@bazazlaw.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
matt@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer Law Group
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
E-mail: ian@MichiganConsumerLaw.com

      /s/ John C. Lynch
John C. Lynch (W.V. Bar No. 6627)
*Counsel for Quicken Loans, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

20