**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ALISHA KINGERY,

Plaintiff,

v.                                                 CIVIL ACTION NO.  2:12-cv-01353

QUICKEN LOANS, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Quicken Loans, Inc.'s ("Quicken") Motion to Set Aside and Objections to Magistrate Judge Decision to District Court [Docket 208]. For the reasons discussed below, the court denies the motion to set aside, **OVERRULES** the objections, and **AFFIRMS** the ruling of the Magistrate Judge.

**I.      Background**

This case arises out of Quicken's alleged violation of the Fair Credit Reporting Act ("FCRA"). Under the FCRA, if a mortgage lender uses a consumer's credit score in the process of evaluating the consumer's loan application, the lender must provide a notice regarding its use of that score to the consumer "as soon as reasonably practicable." 15 U.S.C. § 1681g(g).

To establish a claim under the FCRA, the plaintiff must establish that there has been a violation and that the violation was either willful or negligent. *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). If the lender's violation is negligent, the consumer may recover actual damages. 15 U.S.C. § 1681o(a)(1). In the case of a willful

violation, the consumer may recover actual damages, or statutory damages ranging from $100 to $1000 and "such amount of punitive damages as the court may allow[.]" *Id.* § 1681n(a).

In her Second Class Action Complaint, the plaintiff Alicia Kingery alleges that she applied for a mortgage with Quicken in May 2010. (Second Am. Class Action Compl. [Docket 23], ¶ 22). In connection with that application, Quicken obtained and used Ms. Kingery's credit score on May 3, 2010. (*Id.* ¶¶ 24-27). According to Ms. Kingery, Quicken waited until May 24, 2010, approximately three weeks later, to provide her with the mandatory disclosures. (*Id.* ¶ 29). Pursuant to Rule 23, Ms. Kingery seeks to bring a class action on behalf of similarly situated individuals. (*Id.* ¶¶ 30-45).

On July 15, 2013, Ms. Kingery served Quicken with a Rule 30(b)(6) deposition notice on at least seventy topics. (*See* Notice to Take Rule 30(b)(6) Dep. [Docket 86]). The deposition was to take place on August 5, 2013. (*Id.* at 1). On July 25, 2013, Quicken served Ms. Kingery with objections to the deposition. (*See* Certificate of Service Filed by Quicken for Objections to Pl.'s Notice of Rule 30(b)(6) Dep. [Docket 98]). The deposition was rescheduled multiple times, but the parties finally agreed to conduct the deposition on September 5, 2013. (*See* Am. Notice to Take Rule 30(b)(6) Dep. [Docket 118]). This Amended Notice indicated the corporate designee was to testify on at least ninety-three topics. (*See id.*).

On September 5, 2013, Quicken produced Amy Bishop as its corporate designee. During the deposition, Ms. Bishop did not provide substantive answers because she did not have sufficient knowledge and/or Quicken's counsel instructed her not to answer. As a result, Ms. Kingery moved to compel the testimony of Quicken's corporate designee. (*See* Mot. to Compel Rule 30(b)(6) Testimony [Docket 151]).

2

On November 12, 2013, the Magistrate Judge granted Ms. Kingery's motion to compel. (*See* Order [Docket 183]). After reviewing the transcript from the September 5, 2013 deposition, the Magistrate Judge concluded "that Ms. Bishop was not sufficiently knowledgeable about certain areas properly identified and described with reasonable particularity in the Rule 30(b)(6) notice." (*Id.* at 5). The Magistrate Judge ordered Quicken to "designate one or more witnesses to testify at a Rule 30(b)(6) deposition" and "to follow Fed. R. Civ. P. 30(c)(2) when objecting during future Rule 30(b)(6) depositions." (*Id.*). Quicken moved for clarification of the order. In his clarification order, the Magistrate Judge stated that Quicken "may assert its rights under Fed. R. Civ. P. 30(c)(2) *during all Rule 30(b)(6) depositions in this case*." (Order [Docket 186], at 3 (emphasis added)).

Ms. Kingery did not file an amended notice identifying a new date for the deposition. Ms. Kingery contends she "sent repeated requests that Quicken comply with the Court's prior orders by identifying a witness and offering mutually agreed dates for the deposition." (Br. in Opp'n to Mot. by Quicken to Limit Dep. and for Protective Order [Docket 189], at 1). Quicken counters that it provided Ms. Kingery with several dates, but she did not serve a notice designating the deposition date. Quicken further alleges that "pursuant to Plaintiff's suggestion, [the parties] decided to move the deposition to mid-January or until the Court resolve[d] the seven disputed topics." (Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 17).

On December 3, 2013, Quicken filed a motion to limit the deposition topics and for a protective order. According to Quicken, the disputed topics were:

> **Topics No. 27, 33, 39, 45, 51:** The number of individuals for whom you failed to prepare the notice required by 15 U.S.C. § 1681g(g) within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score.
>
> **Topics No. 89 and 90:** The number of other consumers with a status code of "10" (or "100") for whom the same number of days elapsed between your receipt of their credit score and your preparation of their respective credit score notices under 15 U.S.C. § 1681g(g).

(*See* Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 3). It appears the primary goal of the motion was to prevent Quicken's corporate designee from providing information regarding the number of purported class members – individuals for whom Quicken had failed to provide timely credit score disclosures. In its briefing, Quicken argued that because it had stipulated to numerosity, the number of individuals in the purported class was irrelevant and not discoverable at that stage in the litigation. In response, Ms. Kingery claimed that proof of a pattern and practice of violations was relevant to establishing willfulness, which Ms. Kingery must prove in order to obtain statutory damages.

After conducting a hearing and reviewing the parties' briefing, the Magistrate Judge denied Quicken's motion. (*See* Order [Docket 200]). He found that the number of purported class members was relevant to class certification and establishing willfulness under the FCRA. (*See id.* at 4). In light of this relevance, the Magistrate Judge found it would not be unduly burdensome for a corporate designee to testify to this information. (*See id.* at 11). Finally, the Magistrate Judge found that Quicken was in violation of his November 12, 2013 Order directing Quicken to designate a witness to testify at a Rule 30(b)(6) deposition. (*Id.* at 9). On March 6, 2014, Quicken

4

filed the instant motion objecting to the Magistrate Judge's February 20, 2014 Order pursuant to Federal Rule of Civil Procedure 72(a).

## II.      Legal Standard

When a magistrate judge hears and determines a non-dispositive pretrial matter in a case, a party may object to that determination within fourteen days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). Discovery motions are non-dispositive. *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994) (Haden, J.). The district judge in the case must consider timely objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Congressional Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a).

A magistrate judge's finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 547. On the other hand, a magistrate judge's ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *Felman Prod., Inc. v. Indus. Risk Insurers*, No. 3:09-cv-0481, 2010 WL 2944777, at *3 (S.D. W. Va. July 23, 2010) (Chambers, J.) (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

### III.   Quicken's Objections

#### A.  Application of 15 U.S.C. § 1681g(g)

First, Quicken argues the Magistrate Judge erred in his application of 15 U.S.C. § 1681g(g) because he relied on an unrelated provision of the FCRA and on a mischaracterization of the requirements of § 1681g(g), which is the basis of Ms. Kingery's claims. A careful review of the Magistrate Judge's February 20 Order reveals he mentioned these items only to provide background and context. I **FIND** no clear error or misapplication of the law and overrule Quicken's objections on these bases.

#### B.  Violation of November 12, 2013 Order

Second, Quicken contends that it is not in violation of the Magistrate Judge's November 12, 2013 Order. In that Order, the Magistrate Judge directed Quicken to designate a witness for a Rule 30(b)(6) deposition after it "failed to appear" for the September 15, 2013 deposition. Quicken believes it is in compliance with the November 12, 2013 Order because the Magistrate Judge instructed it to "follow Rule 30(d)(3) when objecting to the proprietary or scope of the noticed topics, which includes filing a protective order under Rule 26(c)." Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 16 (citing November 12 Order)). Allegedly, it complied with this instruction when it filed the motion for protective order on December 3, 2013, and now, Quicken is objecting to the Magistrate Judge's ruling on the motion for protective order. (*Id.* at 16-17.)

At the outset, I am troubled by Quicken's misrepresentation of the findings by the Magistrate Judge as justification for filing the protective order. In his November 12, 2013 Order, the Magistrate Judge ordered Quicken to "designate one or more witnesses to testify at a Rule

30(b)(6) deposition, held at a location and time agreeable to the parties. Defendant's counsel is ordered to follow Fed. R. Civ. P. 30(c)(2) when objecting during future Rule 30(b)(6) depositions." (Order [Docket 183], at 5). The Magistrate Judge only mentions Rule 30(d)(3) in the context of discussing the very limited circumstances when it is acceptable to instruct a party not to answer a deposition question; i.e., in the context of discussing why it was improper for Quicken to instruct its Rule 30(b)(6) witness not to answer in some circumstances. Nothing in the Magistrate Judge's decision supports Quicken's interpretation that the belated filing of a protective order somehow complied with the Magistrate Judge's November 12 Order.[1]

Quicken's protective order simply came too late in the game. Quicken did not even file a protective order until well after the Magistrate Judge's November 12 Order. "When a corporation objects to a notice of Rule 30(b)(6) deposition, the proper procedure is to file a motion for protective order." *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D. W. Va. Apr. 25, 2013). The Magistrate Judge noted as much in his decision. (Order [Docket 183], at 4). If Quicken had objections to the September 15, 2013 deposition, it should have filed a motion for a protective order well before the deposition. Instead, it sent an unprepared witness to the deposition, which is "tantamount to a failure to appear" under Rule 37(d)(1)(A)(i). *Robinson*, 2013 WL 1776100, at *3. It was not until Ms. Kingery moved to compel and the Magistrate Judge ordered that Quicken designate a Rule 30(b)(6) witness, that Quicken presented to the Magistrate Judge any objection to the Rule 30(b)(6) topics.

In fact, Quicken first filed a motion for clarification of the November 12 Order. By Order entered November 25, 2013, the Magistrate Judge granted the motion for clarification on

---

[1] At the hearing on the motion for protective order, Quicken's counsel discussed his belief that by filing the motion for protective order rather than objecting at the deposition, he would avoid the inevitable disagreement that would occur at the deposition. (Feb. 6 Hearing Transcript [Docket 208-2], at 49).

the very narrow issue of whether Quicken could assert its rights under Rule 30(c)(2) during all Rule 30(b)(6) depositions in this case (not just "future" depositions). The Magistrate Judge found in the affirmative. (Order [Docket 186], at 3).

Rather than comply with the Magistrate Judge's November 12, 2013 Order, Quicken then filed the at-issue motion for protective order on December 3, 2013, which was denied.  While the Magistrate Judge addressed the substantive aspects of Quicken's objections to the notice of deposition, he clearly stated that Quicken "is not in compliance with this Court's Order [of November 12.]" (Order [Docket 200], at 9).

In summary, Quicken failed to move for a protective order in a timely manner. Moreover, it never appealed the November 12 Order[2] that it designate a Rule 30(b)(6) deponent and cooperate in the scheduling of that deposition. Instead, Quicken's actions reflect obstructive behavior at nearly every turn and reflect utter disregard for the Magistrate Judge's explicit order. Accordingly, I **FIND** no clear error or misapplication of the law with respect to the Magistrate Judge's finding that Quicken was not in compliance with the November 12 Order and overrule Quicken's objections on this basis. I further **ORDER** that Quicken produce its Rule 30(b)(6) witness(es) within three days from the entry of this Memorandum Opinion and Order at a time and place of the plaintiff's choosing.

### C.  Relevance of the Number of Putative Class Members

In its briefing, Quicken states that it has "stipulated to numerosity based on the class definition pled in Plaintiff's Second Amended Complaint." (Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 7). Because it

---

[2] I further note that Quicken has not sought a stay of the February 20, 2014 Order.

has stipulated to numerosity, Quicken argues that the number of people who did not receive their credit score disclosure within 3, 7, 14, 21, and 30 days is now irrelevant. [3] Despite this stipulation, the Magistrate Judge found the number of people who fall into these subcategories is relevant to whether Quicken committed the violations willfully. (*See* Order [Docket 200], at 4). He also found this evidence relevant to class certification, particularly regarding the issues of typicality and commonality. (*See id.* at 4-7). Quicken states that the Magistrate Judge ignored Supreme Court precedent concerning the definition of "willfulness" and misplaced his reliance on *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001) and *Souter v. Equifax Info. Servs., LLC*, 498 F. App'x 260 (4th Cir. 2012).

I have considered the arguments of counsel and **FIND** the Magistrate Judge's conclusion that this evidence was relevant to typicality was not clearly erroneous or contrary to law. In reaching his conclusions, the Magistrate Judge appropriately relied upon *Souter v. Equifax Info. Servs., LLC*, 498 F. App'x 260 (4th Cir. 2012). In *Souter*, the plaintiff filed a lawsuit against Equifax for failing to follow adequate procedures when it incorrectly reported a civil judgment, which had been vacated by the Richmond General District Court, on her credit score report. *Id.* at 262. The district court ultimately certified a class including individuals whose credit score report incorrectly included a civil judgment issued in a Virginia General District Court or Circuit Court. *Id.* at 263. The Fourth Circuit reversed the district court's class certification in part because the plaintiff could not establish the typicality requirement of Rule 23. *Id.* at 264-65.

---

[3] Quicken has offered to stipulate that the number of people who would fall into these subcategories are numerous. However, Quicken is not admitting that it was legally required to provide disclosures to these individuals. (Feb. 6 Hearing Transcript [Docket 208-2], at 10, 13).

The court observed that in order to establish typicality, the plaintiff's "interest in prosecuting [her] own case must simultaneously tend to advance the interests of the absent class members." *Id.* at 264. (quotations omitted). To make this determination, a court must (1) review "the elements of [the plaintiff's] prima facie case . . . and the fact[s] supporting those elements" and determine what extent "those facts would also prove the claims of the absent class members." *Id.* at 265 (quotations and citations omitted).

After reviewing the plaintiff's claim in light of the other class member's circumstances, the Fourth Circuit concluded that the plaintiff's claim was atypical because Equifax used different methods of collecting general district court records compared to its methods of collecting circuit court records. *Id.* at 265. Thus, "proof that Equifax's behavior was unreasonable because of the manner in which LexisNexis [on behalf of Equifax] collected data from the Richmond General District Court in [the plaintiff's] case does not 'advance' the claim of a class member whose judgment was from a circuit court in 2010." *Id.* To make this determination, the Fourth Circuit needed to look not only at the facts of the plaintiff's claim, but also to the company's conduct with respect to other putative class members.[4]

In the instant case, Quicken has stipulated to numerosity based on the class definition in the Second Amended Class Action Complaint. That class definition states as follows:

> All natural persons residing in the United States who were the subject of at least one consumer credit score obtained and used by Quicken between May 1, 2010 through May 1, 2012 in connection with its evaluation of an application initiated or sought by such natural person for a consumer mortgage loan secured by 1 to 4 units of residential property, *and to whom the credit score*

---

[4] Quicken contends that *Soutter* was based only on the plaintiff's recovery of statutory damages and the requirement of willfulness. (Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 11-12). The court's holding was broader in that it also held that certification was improper based on typicality due to differing procedures used by the defendants. *Soutter v. Equifax Info. Servs., LLC*, 498 F. App'x 260, 265 (4th Cir. 2012).

*disclosure notice was not provided to that person within 3 business days* after Quicken obtained the credit score.

Excluded from the class definition are any employees, officers, directors of Quicken, and any legal representatives, heirs, successors, and assignees of Quicken, and any judge assigned to hear this action.

(Second Am. Class Action Compl. [Docket 23], at ¶ 30 (emphasis added)).

The deposition topics that remain at issue and are cited above – Topic Nos. 27, 33, 39, 45, 51, 89, and 90 – are relevant to typicality under Rule 23. For example, the class definition stipulated by the parties includes individuals to whom the credit score disclosure notice was not provided within 3 business days after Quicken obtained the credit score. The deposition topics seek information about individuals for whom Quicken failed to prepare the notice "within 3 (or 7, 14, 21, 30) days of your receipt of those individual's credit score." (Mem. in Supp. of Mot. to Set Aside and Objections to Magistrate Judge's Order Dated Feb. 20, 2014 [Docket 209], at 3). Without information as to how many individuals fall into each of these categories, Ms. Kingery may not prove that the facts of her claim – receiving her credit score within three weeks – is typical of the class, as was the case in *Souter*. Accordingly, I **FIND** that the Magistrate Judge's ruling was not clearly erroneous or contrary to law and overrule Quicken's objections.

## IV.    Conclusion

Based on the above, I **OVERRULE** the objections of Quicken and **AFFIRM** the decision of the Magistrate Judge. I further **ORDER** that Quicken produce its Rule 30(b)(6) witness(es) within three days from the entry of this Memorandum Opinion and Order at a time and place of the plaintiff's choosing.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 14, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE