IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALISHA KINGERY,

          Plaintiff,

v.                            CIVIL ACTION NO.  2:12-cv-01353

QUICKEN LOANS, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 21, 2014, I certified Ms. Kingery's proposed class action under Federal Rule of Civil Procedure 23(b)(3). (*See* Mem. Op. & Order [Docket 261]). After a closer examination of the evidence in preparation for summary judgment, it is clear the class does not meet the requirements of Rule 23. Accordingly, I **DECERTIFY** the class.

Even after the court has certified a class, it "is duty bound to monitor its class decision and, where certification proves improvident, to decertify, subclassify, alter, or otherwise amend its class certification." *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 544 (E.D. Va. 2000). The court "remains free to modify [its order] in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "If there is a subsequent showing that the grounds for granting certification no longer exist or never existed," the court may decertify the class. *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004) (citing *Falcon*, 457 U.S. at 160). The court may decertify the class sua sponte. *See Chisholm*, 194 F.R.D. at 567; William B. Rubenstein, *Newberg on Class Actions* § 7:37 (5th ed. 2012) ("So important is a

court's oversight that the court need not await a party's motion but can revisit certification on its own initiative."). In determining whether to decertify a class, I must apply the same legal standard applied at initial certification. *See Brooks v. GAF Materials Corp.*, No. 8:11-CV-00983-JMC, 2012 WL 5195982, at *2 (D.S.C. Oct. 19, 2012) (collecting cases).

 A basic requirement of Rule 23 is that "a named class representative must be a member of the class at the time the class is certified." *Bennett v. Westfall*, 640 F. Supp. 169, 170 (S.D. W. Va. 1986) (Haden, J.). In addition, Rule 23 requires that the representative's claim be typical of the class. *See* Fed. R. Civ. P. 23 (a)(3). "Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (quoting *Falcon*, 457 U.S. at 156). The representative's claim "cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of [her] own individual claim." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). Although I cannot decide the named plaintiff's claims on the merits, I can probe behind the pleadings to determine whether the plaintiff has satisfied the Rule 23 requirements. *See, e.g.*, *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (concluding that district court could entertain arguments concerning the plaintiff's ability to prove damages on a classwide basis even though that inquiry was also "pertinent to the merits determination").

 In my prior order, I certified the following class:

> All natural persons residing in the United States who were the subject of at least one consumer credit score obtained *and used* by Quicken between May 1, 2010 through May 1, 2012 in connection with its evaluation of an application initiated or sought by such natural person for a consumer mortgage loan secured by 1 to 4

>units of residential property, whose request for credit was coded by Quicken with an AMP code of "100" and not an AMP code of "10," and to whom the credit score disclosure notice was not provided to that person within 21 days after Quicken obtained the credit score.

(Mem. Op. & Order [Docket 261], at 6-7) (emphasis added).

A clear requirement of class membership is "use." *See id.* Thus, although the question of whether Ms. Kingery's score was used overlaps with the merits of the case, it is also a prerequisite to being a member of the class. After further scrutiny of the evidence, it is clear that Ms. Kingery has not presented any evidence that her score was used, and she was not a member of the class she seeks to represent. If Ms. Kingery is not even a member of the class, her claims cannot be typical and she cannot be an adequate representative of the class. *See Linehart*, 255 F.3d at 147.

Accordingly, as the grounds for class certification never existed, I **DECERTIFY** the class action. This ruling does not suggest that a plaintiff cannot bring a class action arising under 15 U.S.C. § 1681g(g) if the plaintiff can meet the requirements of Rule 23. However, in this case, Ms. Kingery has failed to establish that her claim is typical of the class and that she is an adequate representative of the class.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 4, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE